Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
Corinne F. Johnson (SBN 287385)
Jessica M. Levy (SBN 368289)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
bchisholm@altber.com
dleonard@altber.com
cjohnson@altber.com
jlevy@altber.com

*Attorneys for All Union and Non-Profit Plaintiffs*

[Additional counsel and affiliations listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE; BROOKE ROLLINS, in her official capacity as Secretary of Agriculture,<br><br>Defendants. | Case No. 3:26-09976<br><br>**THIRD DECLARATION OF CHEARICE VAUGHN** |

**THIRD DECLARATION OF CHEARICE VAUGHN**

I, Chearice Vaughn, declare the following under penalties of perjury:

1. I am over 18 years of age and competent to give this declaration. This declaration is based on my personal knowledge, information, and belief.

2. I am the President and a dues paying member of the U.S. Department of Agriculture ("USDA"), Rural Development, Rural Utilities Service ("RUS") and Rural Business and Cooperative Service ("RBCS") Employees, Office of External Affairs ("OEA"), Office of the Chief Risk Officer ("OCRO"), and Innovative Center ("IC"), Local 3870 of the American Federation of State, County and Municipal Employees, AFL-CIO ("AFSCME Local 3870") that represents certain federal employees working for the USDA in the Rural Development mission area. AFSCME Local 3870 is affiliated with AFSCME District Council 20 and AFSCME International.

3. This declaration supplements the prior declaration I submitted in this case in support of the Plaintiffs' Motion for Preliminary Injunction and Stay Under 5 U.S.C. §702.

4. On September 10, 2026, USDA management sent AFSCME Local 3870 an email sharing information about the future office space for the USDA Rural Development employees whom USDA plans to relocate from the National Capitol Region (NCR) to Dallas/Fort Worth, Texas as part of USDA's reorganization. The agency stated that it has leased office space only temporarily for one year in a building occupied by the U.S. Small Business Administration located at 14925 Kingsport Rd, Fort Worth, TX 76155. The agency stated in the email that the one-year lease for office space is a temporary solution and is not intended to be permanent office space for Rural Development employees who will be relocated. If these employees are relocated to Texas, therefore, they will need to move yet again in one year to a new office space elsewhere in Texas.

5. The USDA's mere one-year lease of temporary office space for Local 3870 bargaining unit members being relocated to the Dallas/Fort Worth area is very concerning to our members. The temporary office space lease does not reasonably allow our members, who are

faced with choosing relocation or otherwise losing their jobs, the ability to plan for their permanent housing, transportation, childcare, education, and other critical life needs in the Dallas/Fort Worth area if they are relocated. The Dallas/Fort Worth area is one of the largest metropolitan areas in the country, which means that the USDA can later decide to lease or use office space far from the temporary office space when the one-year lease ends. If that happens, it could require our members to take on the additional expense of moving within the area after the temporary lease ends to be closer to work, potentially disrupting childcare, education, medical care, or the employment of a spouse.

6. The uncertainty of this temporary office space plan in such an expansive metropolitan area will cause even more of our members to leave their jobs at the USDA than already would have based on being relocated to Texas, and cause yet further attrition in our bargaining unit because members need to be able to rely on a predictable office location if they take the difficult and expensive decision to uproot their lives and move to Texas from the NCR.

7. AFSCME Local 3870 members who are unable to relocate and lose their jobs as a result include individuals who will be particularly harmed in an irreparable way by the USDA reorganization.

8. For example, some members have said to me that they are unable to relocate because of serious medical concerns for themselves and their family. One member cares for a child with a disability requiring a developmental pediatrician at a specialty practice that took nearly two years to get into because of a wait list, and her child also relies on a specialized local therapy team that took time to find. This member stated that these specialists are in high demand and in short supply, and that it could take years to secure a specialist in addition to having to build a full therapy team in a new city. These changes would directly affect her child's developmental progress, and the member could not relocate as a result; at the same time, the loss of income and health insurance for this member will also be detrimental to the care of her child because she will be unable to afford and thus lose access to the specialized care for her child when she is involuntarily separated.

9. Another member is recovering from major surgery and relies on family caregiving for their recovery and support for upcoming surgeries. This member would be unable to relocate because they would lose necessary family caregivers and the relocation would interfere with scheduled surgeries— posing a serious risk to their health. Similarly, this member's health is also at risk if they lose their job and health insurance coverage because they would be unable to seek other job opportunities in the middle of their recovery from surgery and may be without health insurance for the future needed surgeries if they cannot afford to pay for the continuation of healthcare coverage.

10. Another member who cannot relocate has relied on a specialist for 15 years to treat a long-term medical condition and cannot risk losing this specialized care but may be left without this specialized care if they are involuntarily separated and cannot afford to pay the continuation of healthcare coverage.

11. Some Local 3870 members who will lose their jobs because they cannot relocate have also told me they will face serious housing issues. Some members will face foreclosure of their homes if they cannot quickly find comparable employment in the NCR, and have explained to me that they do not have comparable employment lined up to prevent this. Others stated that they will fall behind on rent and other bills which would affect their credit and make it harder to secure future housing. One member fears she will become homeless because her savings would be depleted within months of losing her job.

12. One member, who is the primary caregiver for her children, fears that she will lose custody of her children if she cannot provide stable housing due to the loss of her job and her not having comparable employment to move into.

13. Other members fear they could no longer provide housing support for live-in dependents if they were to lose their jobs, and their families will be forced to split up.

14. Some members stated that they cannot relocate and face losing their jobs because their spouse or dependent cannot relocate to another state across the country. Multiple members reported to me that their spouses have employers that do not have locations in the Dallas/Fort

Worth area and cannot relocate because of financial uncertainty having to leave their stable jobs to find work in a new state. These members will be harmed by losing half of their household income while they seek comparable jobs, which can be difficult to find.

15. Many members have expressed to me that they will have substantial financial hardships if they were to lose their jobs because they cannot relocate to another state. Members expressed that they face credit card, auto loan, personal loan, or student loan default if they lose their jobs. Other members will be required to take early withdrawals from retirement savings that will put their retirement income in jeopardy and incur an early withdrawal penalty. Many of these employees have built long, meaningful careers in government service that are not available in the private sector. Some will be forced into early retirements, losing careers they do not want to give up. Some members will have their federal service interrupted, which will jeopardize or reduce their retirement benefits if they cannot find other federal jobs. Members have stated that their jobs are very specialized and specific to the USDA and that this specialization will make it difficult to get comparable jobs in the national capital area if they lose their jobs because they cannot relocate.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 23nd day of September 2026 in Oxon Hill, MD.

Chearice Vaughn