Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
Corinne F. Johnson (SBN 287385)
Jessica M. Levy (SBN 368289)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
bchisholm@altber.com
dleonard@altber.com
cjohnson@altber.com
jlevy@altber.com

*Attorneys for All Union and Non-Profit Plaintiffs*

[Additional counsel and affiliations listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE; BROOKE ROLLINS, in her official capacity as Secretary of Agriculture,

Defendants.

Case No. 3:26-09976

**PLAINTIFFS' SUPPLEMENTAL BRIEF RE: MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs provide the following information in response to the Court's September 27, 2026 order directing supplemental briefing (Dkt. 80).

Since 2014, USDA has generally refrained from attempting large-scale reorganizations, including office closures or relocations, that fall within the actions prohibited by the Fiscal Year 2026 USDA appropriations act provisions at issue in this case. The Congressional Research Service ("CRS") has issued a 2026 report that both explains USDA's current Reorganization Plan and situates that reorganization within in the broader history of USDA reorganizations. *See* Ex. 1 (CRS, *U.S. Department of Agriculture (USDA) Structure and Proposed Changes*, April 14, 2026).[1] As explained in that Report, although the Department at one time had broader reorganization authority, that authority expired in 1994 and since then Congress has substantively regulated USDA's ability to organize through appropriations statutes. *Id.* at Summary, 4.

Through information available to the public and to the Union Plaintiffs, Plaintiffs are aware of only three attempts by USDA to engage in large-scale reorganizations and employee relocations during the post-2014 time period. One reorganization and large-scale relocation of employees, in 2018, resulted in a response and disapproval by Congress. For another reorganization action taken in 2018, USDA received committee approval and full congressional approval for the creation of one mission area, but did not receive approval for eliminating another mission area, which Congress rejected by statute. Another proposed reorganization action, in 2024, did not receive committee approval, and as a result, in compliance with the appropriations statutes, USDA did not move forward with the action.

First, during the first Trump Administration in 2018, USDA took steps to relocate the Economic Research Service ("ERS") and National Institute of Food and Agriculture ("NIFA") employees from D.C. to Kansas City and to realign ERS from the Office of the Undersecretary for Research, Education, and Economics ("REE mission area") to the Office of the Chief

[1] Available at https://www.congress.gov/crs_external_products/R/PDF/R48905/R48905.1.pdf.

Economist. Ex. 1 at 21-22. These actions, and the congressional response, are described in a further CRS report issued in 2018. *See* Ex. 2 (CRS, *Proposed Relocation/Realignment of USDA's ERS and NIFA* (Aug. 13, 2019).[2]

Congress reacted with disapproval. First, Congress's Explanatory Statement to the appropriations acts for the following year (FY2019) directed USDA to "delay indefinitely" realigning ERS to the Office of Chief Economist and required USDA to provide a detailed cost/benefit analysis for the relocation to Congress. Ex. 2 at 2. USDA acquiesced with respect to ERS and did not move forward with realigning ERS within the Office of the Chief Economist. *Id*. USDA nonetheless did proceed to relocate some ERS and NIFA employees to Kansas City in 2019. *Id* at 1. Members of Congress requested an investigation by the independent Office of Inspector General ("OIG"), *id.*, and the OIG found that USDA's relocation violated its appropriation statute's prohibition-without-committee-approval provision. *See* Ex. 3 (OIG, Inspection Rep. 91801-0001-23, USDA's Proposal to Realign and Relocate the Economic Research Service and National Institute of Food and Agriculture, Aug. 1, 2019) at 5, 7, 9-10 (quoting prior USDA litigation positions that the department is required to comply with prohibition-without-committee-approval provisions).[3] Congress further demonstrated its disapproval of the relocation by defunding these actions. Thus, in the FY2020 appropriations act, Congress refused to provide funds to complete the relocation of ERS and NIFA. Ex. 2 at 2; Pub. L. No. 116-94, Div. B (Dec. 20, 2019).

Second, also during the first Trump term, the administration announced reorganization plans that included additional actions with respect to USDA. In particular, President Trump issued a 2017 Executive Order directing the preparation of a government-wide reorganization and downsizing plan, which was announced in the summer of 2018 and included action with respect to USDA. *See* Exec. Order No. 13781, 82 Fed. Reg. 13959 (2017); Ex. 6 (*Delivering*

---

[2] Available at https://www.congress.gov/crs_external_products/IF/PDF/IF11166/IF11166.2.pdf.

[3] Available at https://www.oig.usda.gov/sites/default/files/reports/2026-07/91801-0001-23.pdf. USDA's own general counsel later responded with a contrary view. Ex. 3 at 12.

*Government Solutions in the 21st Century* (June 18, 2028)).[4] That plan recognized that the administration needed additional statutory authority for the planned changes. Ex. 6 at 4, 6. The President therefore sought the renewal of government-wide reorganization authority that Congress has terminated in 1984. *See* 5 U.S.C. §§901-912. Members of the House and Senate introduced bills in 2018 to give President Trump the reorganization authority needed for his plan, under 5 U.S.C. chapter 9, but Congress rejected this authority and neither bill ever passed. H.R. 6787, 115th Congress (2017-2018); S. 3137, 115th Congress (2018).

USDA moved forward nonetheless with restructuring of sub-components and the creation of new mission areas, including a new Farm Production and Conservation ("FPAC") mission area and the creation of a new position of the Assistant to the Secretary for Rural Development, replacing the existing Undersecretary of Agriculture for Rural Development position (thereby restructuring that mission area). Ex. 6 at 123. The appropriations committees granted approval of the revised FPAC mission area, and the 2018 Farm Bill codified those changes contemporaneously with the appropriations bill that year. *See* Ex. 1 at 4.[5] But Congress disapproved of USDA's changes to Rural Development, and in the 2018 Farm Bill, Congress "directed USDA to reestablish the Undersecretary of Agriculture for Rural Development position as a permanent mandatory position, reversing the Trump Administration's 2017 reorganization plan." Ex. 6 (CRS, *2018 Farm Bill Primer: Rural Development Programs* (May 23, 2019)).[6] USDA complied.

Third, on August 13, 2024, USDA notified Congress of a plan to reorganize the Rural Business-Cooperative Service ("RBSC"), a subagency within the Rural Development mission area. Ex. 4 (USDA, RBCS Reorganization FY24/25). USDA provided notice of this proposed reorganization to congressional committees, as required by the prohibition-without-committee-

---

[4] Available at https://www.whitehouse.gov/wp-content/uploads/2018/06/Government-Reform-and-Reorg-Plan.pdf.

[5] *See* https://www.agriculture.senate.gov/newsroom/rep/press/release/senate-agriculture-committee-passes-bipartisan-farm-bill (Senate committee approval); https://agriculture.house.gov/farmbill/2018/ (House committee approval)

[6] Available at https://www.congress.gov/crs-product/IF11225.

approval language. Ex. 4. When the committees declined to approve the reorganization, USDA abandoned the reorganization.[7]

The Union Plaintiffs have reviewed their histories of impact and implementation bargaining with USDA to identify any other major actions that would fall within the prohibitions at issue. In general, if USDA had engaged in large-scale reorganizations affecting bargaining unit members, the department would have been required to offer the relevant union impacts bargaining over the reorganization. Union Plaintiffs have not identified any such actions other than those described above.

The above history makes clear that USDA's view that the prohibition-without-committee-approval language functions (contrary to the plain language of the provision) as notice-only authorization language has not consistently been reflected in USDA's or the administration's actions. And there is certainly nowhere near a "consensus so broad and unquestioned that courts must presume Congress … endorsed it" when passing appropriations acts. *BP P.L.C. v. Mayor & City Council of Baltimore*, 593 U.S. 230, 244 (2021); *see also id.* at 251 (Supreme Court found "an unbroken line of decisions from two-thirds of the Courts of Appeals spanning nearly half a century" to be an insufficient basis to apply ratification doctrine) (Sotomayor, J., dissenting).

This history also demonstrates, along with the other statutory provisions previously described by Plaintiffs, *see* Dkt. 5-1 at 5, 17, disapproval by Congress of the administration's attempts to reorganize USDA without approval. As the Court considers how to sever the provisions in question consistent with congressional intent, this history and context supports the conclusion that Congress would *not* have preferred a version of the language that effectively authorizes USDA's reorganization. Over the years, Congress has consistently resisted reorganization attempts by USDA that it does not approve in a myriad of ways—just as it has

[7] The current RBSC website shows that the prior organization of RBCS is still in use. *Compare* Ex. 4 (proposed reorganization), *with* Exhibit 5 (2026 organization chart); *see also* Rural Business-Cooperative Service Contacts, *Rural Development*, https://www.rd.usda.gov/about-rd/agencies/rural-business-cooperative-service/contacts.

done here. After USDA appeared before Congress to testify and explain its Reorganization Plan in 2025, Congress provided no funding for the plan in the FY2026 appropriation statute. *See* Pub. L. No. 119-37, Div. B (2025). Congress also rejected USDA's requests to remove the prohibition-without-committee-approval language from the FY2026 appropriations acts. *See* Dkt. 5-1 at 18 n.12.[8] And Congress rejected USDA's requests for downsizing through reduced funding, which were consistent with the proposed reorganization. Dkt. 5-61 Ex. C at 7-10.

Going forward into FY2027, USDA has again requested that Congress remove the prohibition-without-committee-approval language and permit it to downsize the agency. Congress has again refused to do so, extending the FY2026 appropriations acts' funding and terms through December (including the prohibitions at issue). *See* Dkt. 5-1 at 18 n. 12; *compare* Dkt. 5-62 Ex. N at 36-7, 36-22 to 36-23, *and id*. Ex. O at 29a-133-40, *with* Pub. L. No. 119-103, Div. A, §101. In short, all historical indications, in addition to the plain language and structure of the statute, are that congressional intent is more aligned with a provision that prohibits USDA reorganizations rather than one that allows them to proceed at the discretion of USDA.

Finally, analyzing severability requires this Court to analyze the text and structure of the statutes at issue to determine what Congress would have done in a counterfactual world. If the Court agrees with Plaintiffs and retains the prohibition on reorganizing, but USDA believes that Congress would disagree, USDA can seek authorization for its actions in the upcoming December appropriations act—and Congress can choose to authorize funding for the reorganization or reform the provisions at issue. But if the Court agrees with USDA and severs the statute to become a notice-only provision, thereby allowing the reorganization to proceed, the consequences and impact on the status quo are far more dramatic: scattering employees and offices across the country, forcing employees out, and accordingly eliminating expertise and

[8] *Compare* Dkt. 5-61 Ex. M at 5-7 (requesting deletion of the Agriculture bill's notice and approval provision), *with* Pub. L. No. 118-42, Div. B, §716; *compare* Dkt. 5-61 Ex. N (proposal omitting the Agriculture bill's notice and approval provision), *with* Pub. L. No. 119-37, Div. B, §716; Dkt. 5-62 Ex. M at 29a-137 (proposal omitting the Forest Service bill's notice and approval provision), *with* Pub. L. No. 119-74, Div. C, § 421.

expertise that benefits this agency. If Plaintiffs were correct about congressional intent, future acts by Congress will, as a practical matter, be unable to put the genie back in the bottle.

DATED: September 28, 2026

Respectfully submitted,

Barbara J. Chisholm
Danielle E. Leonard
Corinne F. Johnson
Jessica M. Levy
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
bchisholm@altber.com
dleonard@altber.com
cjohnson@altber.com
jlevy@altber.com

By: <u>*/s/ Corinne F. Johnson*</u>

*Attorneys for All Union and Non-Profit Plaintiffs*

Elena Goldstein (*pro hac vice*)
Tsuki Hoshijima (*pro hac vice*)
Andrea Matthews (*pro hac vice*)
Gregory M. Cumming (*pro hac vice*)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
egoldstein@democracyforward.org
thoshijima@democracyforward.org
amatthews@democracyforward.org
gcumming@democracyforward.org

By: <u>*/s/ Tsuki Hoshijima*</u>

*Attorneys for All Union Plaintiffs*

Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO
80 F Street, NW
Washington, D.C. 20001

Tel: (202) 639-6426
Sanghr@afge.org

By: */s/ Rushab Sanghvi*

*Attorneys for Plaintiff American Federation of Government Employees, AFL-CIO (AFGE)*

Teague Paterson (SBN 226659)
Matthew Blumin (*pro hac vice*)
AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO
1625 L Street, N.W.
Washington, D.C. 20036
Tel: (202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org

By: */s/ Teague Paterson*

*Attorneys for Plaintiff American Federation of State County and Municipal Employees, AFL-CIO (AFSCME)*

Yvette M. Piacsek (*pro hac vice*)
General Counsel
National Federation of Federal Employees, IAM, AFL-CIO
1225 New York Ave. N.W., Suite 450
Washington, D.C. 20005
202-216-4428
ypiacsek@nffe.org

By: */s/ Yvette M. Piacsek*

*Attorneys for National Federation of Federal Employees, IAM, AFL-CIO (NFFE)*

PARAS N. SHAH (*pro hac vice*)
General Counsel
KATHRYN W. BAILEY (*pro hac vice*)
Assistant Counsel
NATIONAL TREASURY EMPLOYEES UNION
800 K Street, NW
Suite 1000

Washington, DC 20001
(202) 572-5500
paras.shah@nteu.org
kathryn.bailey@nteu.org

By: */s/ Paras N. Shah*

*Attorneys for National Treasury Employees Union (NTEU)*

David Chiu (SBN 189542)
City Attorney
Yvonne R. Meré (SBN 175394)
Chief Deputy City Attorney
Mollie M. Lee (SBN 251404)
Chief of Strategic Advocacy
Sara J. Eisenberg (SBN 269303)
Chief of Complex and Affirmative Litigation
Molly J. Alarcon (SBN 315244)
Alexander J. Holtzman (SBN 311813)
Deputy City Attorneys
OFFICE OF THE CITY ATTORNEY FOR THE CITY AND COUNTY OF SAN FRANCISCO
1390 Market Street, 7th Floor
San Francisco, CA 94102
molly.alarcon@sfcityatty.org
alexander.holtzman@sfcityatty.org

By: */s/ David Chiu*

*Attorneys for Plaintiff City and County of San Francisco*

Tony LoPresti (SBN 289269)
COUNTY COUNSEL
Kavita Narayan (SBN 264191)
Meredith A. Johnson (SBN 291018)
Raphael N. Rajendra (SBN 255096)
Hannah M. Godbey (SBN 334475)
OFFICE OF THE COUNTY COUNSEL
COUNTY OF SANTA CLARA
70 West Hedding Street, East Wing, 9th Floor
San José, CA 95110
Tel: (408) 299-5900
Kavita.Narayan@cco.sccgov.org
Meredith.Johnson@cco.sccgov.org

Raphael.Rajendra@cco.sccgov.org
Hannah.Godbey@cco.sccgov.org

By: */s/ Tony LoPresti*

*Attorneys for Plaintiff County of Santa Clara, Calif.*

Sharanya Mohan (SBN 350675)
Kayla Svihovec (*pro hac vice*)
Toby Merrill (*pro hac vice*)
PUBLIC RIGHTS PROJECT
490 43rd Street, Unit #115
Oakland, CA 94609
Tel: (510) 738-6788
sai@publicrightsproject.org
kayla.svihovec@publicrightsproject.org
toby@publicrightsproject.org

By: */s/ Kayla Svihovec*

*Attorneys for Plaintiffs Baltimore, MD, Chicago, IL, Martin Luther King, Jr. County, WA, Prince George's County, MD*

Christopher Sanders (WA SBN: 47518 (*pro hac vice*))
General Counsel & Chief Legal Advisor to King County Executive Girmay Zahilay
Mika Rothman (WA SBN: 55870 (*pro hac vice*))
Deputy General Counsel to King County Executive Girmay Zahilay
Erin King-Clancy (CA SBN: 249197, WA SBN: 57259)
Senior Deputy Prosecuting Attorney
Office of King County Prosecuting Attorney Leesa Manion
401 5th Avenue, Ste. 800
Seattle, WA 98104
(206) 477-9483
ChrSanders@kingcounty.gov
mrothman@kingcounty.gov
EClancy@kingcounty.gov

By: */s/ Erin King-Clancy*

*Attorneys for King County*

Ebony M. Thompson (*pro hac vice app. forthcoming*)
Baltimore City Solicitor
Christopher Sousa (SBN 264874)
Baltimore City Department of Law
100 N. Holliday Street
Baltimore, Maryland 21202
Tel: (443) 610-8859
christopher.sousa@baltimorecity.gov

By: */s/ Christopher Sousa*

*Attorneys for Plaintiff City of Baltimore*

Anthony D. Jones (*pro hac vice app. forthcoming*)
Prince George's County Attorney
Prince George's County Office of Law
1301 McCormick Drive, Suite 4100
Largo, Maryland 20774
Tel: (301) 925-5225
adjones@princegeorgescountymd.gov

By: */s/ Anthony D. Jones*

*Attorney for Plaintiff Prince George's County*

Gavin G. McCabe
NATURAL RESOURCES DEFENSE COUNCIL
111 Sutter St Fl 21,
San Francisco, CA 94104
Tel: (415) 875-6100
gmccabe@nrdc.org

By: */s/ Gavin G. McCabe*

*Attorneys for Plaintiff Natural Resources Defense Council*