BRETT A. SHUMATE
Assistant Attorney General
BRAD P. ROSENBERG
Chief Litigation Counsel
TAYLOR PITZ (CA Bar No. 332080)
Trial Attorney
Civil Division, Federal Programs Branch

1100 L Street, NW
Washington, DC 20005
Telephone: (202) 305-5200
Taylor.N.Pitz@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al.*

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*,

Defendants.

Case No. 3:26-cv-09976-VC

**DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Hearing Date: September 29, 2026
Time: 10:00 am PT
Judge: Hon. Vince Chhabria
Place: San Francisco Courthouse
Courtroom 3, 17th Floor

This brief is submitted as directed by the Court's September 27, 2026 Order. *See* Order, ECF No. 80:

> ORDER. According to the parties, the prohibition-without-committee-approval language at issue in this case has been used by Congress for USDA appropriations legislation since 2014. What is the history of Congress and USDA's treatment of this language over the past 12 years? For example, has USDA regularly conducted prohibited activities without obtaining committee approval? Or has USDA refrained from engaging in those activities absent approval? The parties should file supplemental briefs by Monday, September 28, 2026 addressing this question.

As Defendants have explained, Congressional notice and committee approval provisions similar to Section 716 of USDA's FY 2026 Appropriations Act, Pub. L. No. 119-37, Div. B, § 716, 139 Stat. 495, 544-45 (2025) ("Section 716"), have appeared in USDA's appropriations acts since 2014. *See* Defs.' Opp. to Pls.' Mot. for Prelim. Inj. at 7-8, ECF No. 71 ("Defs.' Opp.").

Over the past 12 years, where Section 716 or similar notice and committee approval requirements have been implicated, USDA has provided Congress with notice, but to the best of the agency's current knowledge, USDA has never refrained from acting in order to obtain or await Congressional appropriations committee approval, nor has it received committee approval. As explained in the attached declaration of Christopher Nelson ("Nelson Decl."), USDA's Director of the Office of Budget and Program Analysis ("OBPA"), USDA's historical approach to Section 716's requirements "typically consists of the drafting, clearance, and transmission of a letter that includes summary information on the proposed organizational change and corresponding funding and staffing impacts." Nelson Decl. ¶ 9. USDA's "notification process is the same for each of the five subsections of Section 716," regardless of whether each section purports to require approval in addition to notice. *Id.* "Following the transmission of the notification letters, staff from the respective Appropriations subcommittee(s) may reach out with questions or requests for additional information pertaining to the proposed organizational change," and USDA "waits at least 30 days following the transmission of the letter to implement the changes identified, consistent with the timeline provided under Section 716." *Id.* ¶¶ 19-20. The approach to Section 421 notifications varies slightly "because the Forest Service handles section 421 notifications directly without considerable intervention or engagement by the Department," as "the Chief or the Associate Chief of the Forest Service is typically the official responsible" for communicating with Congress, but

"[h]istorically, the Section 421 notifications have occurred either through a formal notification letter signed by the Chief of the Forest Service or through oral briefings on the relevant subject given by Forest Service leadership." *Id.* ¶¶ 21-22.

Notably, when USDA reprogrammed certain funds that implicated Section 716's corollary during USDA's 2018 relocation of ERS and NIFA to Kansas City, USDA provided notice to Congress, but neither sought nor obtained Congressional committee approval. *USDA, Memorandum re: USDA's Proposal to Realign and Relocate the Economic Research Service and National Institute of Food and Agriculture* at 7-8 (July 19, 2019) ("OGC Memo"). Those relocations were not challenged in Court by members of Congress or anyone else, nor did Congress take any intervening action to enforce the committee approval requirements. To the agency's knowledge, Congress has never taken action to require committee approval when the agency did not seek it.

USDA's position on this matter is no secret, and various entities considered the validity of the notice and approval provision in the context of the 2018 relocations. USDA's Office of General Counsel considered the legality of the provision and concluded the committee approval requirement "is unconstitutional and of no effect," and therefore, "does not prohibit the Department from carrying out the relocation in the absence of committee approval." OGC Memo at 8. The Government Accountability Office ("GAO") also considered the validity of the provisions. It determined that the Congressional committee approval provision in USDA's appropriations act "is not legally binding and without effect; however, its requirement that the Appropriations Committees be notified of such transfers remains in effect." GAO, *Matter of Department of Agriculture—Application of Statutory Notification Requirement*, File B-334306, at 10 (Aug. 15, 2023).[1] As already explained, USDA's stance on this front is not unique; it reflects the Executive Branch's longstanding position that such provisions are unconstitutional and unenforceable, and therefore, should be construed as requiring notice only. *See* Statement on Signing the Agriculture, Rural Development, Food and Drug Administration, and Related Agencies Appropriations Act, 2006, 41 Weekly Comp. Pres. Doc. 1701 (Nov. 10, 2005) ("The executive branch shall construe certain provisions

[1] The Office of Inspector General concluded to the contrary, but with little to no legal analysis. *See* USDA OIG, *USDA's Proposal to Reorganize and Relocate the Economic Research Service and National Institute of Food and Agriculture* (Aug. 2019).

of the Act that purport to require congressional committee approval for the execution of a law as calling solely for notification, as any other construction would be inconsistent with the principles enumerated by the Supreme Court of the United States in *INS v. Chadha*.").

For further context, because of the limits of Section 716's text, not all reorganization or relocation activities necessarily implicate its notice and committee approval requirements. Section 716 does not constrain USDA's ability to spend *any* appropriated funds to conduct the specified activities, including relocating employees or reorganizing offices. Instead, it merely limits the appropriations tools available to the Department to effect those activities. For instance, the restrictions in Section 716(a) apply only to "a reprogramming, transfer of funds, or reimbursements as authorized by the Economy Act, or in the case of the Department of Agriculture, through the use of the authority provided by section 702(b) of the Department of Agriculture Organic Act of 1944 (7 U.S.C. 2257) or section 8 of Public Law 89-106 (7 U.S.C. 2263)."[2] But some reorganizational activities may not require a reprogramming or transfer of funds pursuant to those three statutory authorities.

Historically, this has meant that sometimes USDA undertakes reorganizational steps without implicating Section 716's notice and committee approval requirement at all. Indeed, as USDA has said, *see* Defs.' Opp. at 19 n.6, to date, the Department *has not invoked the authorities specified in Section 716(a) & (b) in implementing the present reorganization*, and although USDA seeks to preserve its use of these authorities as tools available to the Secretary to support the reorganization, it does not currently anticipate using them to close offices or relocate employees, at least through the duration of the current Continuing Resolution. *See* Nelson Decl. ¶ 9.

In light of the Department's well-established and well-publicized practices and Congress's apparent indifference, there is no basis to conclude that, absent the unconstitutional committee approval requirement, Congress would have imposed an absolute prohibition on USDA's reorganization activities. For these reasons and all of those set forth in Defendants' prior briefing, the Court should deny Plaintiffs' motion for a preliminary injunction.

---

[2] The text of these provisions is included in the appendix below and is referenced in the Nelson Declaration.

# APPENDIX

**Section 702(b) of the Department of Agriculture Organic Act of 1944 (7 U.S.C. 2257):**

> Not to exceed 7 per centum of the amounts appropriated for any fiscal year for the miscellaneous expenses of the work of any bureau, division, or office of the Department of Agriculture shall be available interchangeably for expenditures on the objects included within the general expenses of such bureau, division, or office, but no more than 7 per centum shall be added to any one item of appropriation except in cases of extraordinary emergency.

**Section 8 of Public Law 89–106 (7 U.S.C. 2263):**

> Subject to limitations applicable with respect to each appropriation concerned, each appropriation available to the Department of Agriculture may be charged, at any time during a fiscal year, for the benefit of any other appropriation available to the Department, for the purpose of financing the procurement of materials and services, or financing activities or other costs, for which funds are available both in the financing appropriation so charged and in the appropriation so benefited; except that such expenses so financed shall be charged on a final basis, as of a date not later than the close of such fiscal year, to the appropriations so benefited, with appropriate credit to the financing appropriation.

**The Economy Act (31 U.S.C. 1535)**

> (a)The head of an agency or major organizational unit within an agency may place an order with a major organizational unit within the same agency or another agency for goods or services if—
>
> (1) amounts are available;
>
> (2) the head of the ordering agency or unit decides the order is in the best interest of the United States Government;
>
> (3) the agency or unit to fill the order is able to provide or get by contract the ordered goods or services; and
>
> (4) the head of the agency decides ordered goods or services cannot be provided by contract as conveniently or cheaply by a commercial enterprise.
>
> (b) Payment shall be made promptly by check on the written request of the agency or unit filling the order. Payment may be in advance or on providing the goods or services ordered and shall be for any part of the estimated or actual cost as determined by the agency or unit filling the order. A bill submitted or a request for payment is not subject to audit or certification in advance of payment. Proper adjustment of amounts paid in advance shall be made as agreed to by the heads of the agencies or units on the basis of the actual cost of goods or services provided.
>
> (c) A condition or limitation applicable to amounts for procurement of an agency or unit placing an order or making a contract under this section applies to the placing of the order or the making of the contract.
>
> (d)An order placed or agreement made under this section obligates an appropriation of the ordering agency or unit. The amount obligated is deobligated to the extent that the agency or unit filling the order has not incurred obligations, before the end of the period of availability of the appropriation, in—
>
> (1) providing goods or services; or

(2) making an authorized contract with another person to provide the requested goods or services.

(e)This section does not—

(1) authorize orders to be placed for goods or services to be provided by convict labor; or

(2) affect other laws about working funds.

**Full text of Pub. L. No. 119-37, Div. B, § 716, 139 Stat. 495, 544-45 (2025)**

SEC. 716.

(a) None of the funds provided by this Act, or provided by previous appropriations Acts to the agencies funded by this Act that remain available for obligation or expenditure in the current fiscal year, or provided from any accounts in the Treasury derived by the collection of fees available to the agencies funded by this Act, shall be available for obligation or expenditure through a reprogramming, transfer of funds, or reimbursements as authorized by the Economy Act, or in the case of the Department of Agriculture, through use of the authority provided by section 702(b) of the Department of Agriculture Organic Act of 1944 (7 U.S.C. 2257) or section 8 of Public Law 89–106 (7 U.S.C. 2263), that—

(1) creates new programs;

(2) eliminates a program, project, or activity;

(3) increases funds or personnel by any means for any project or activity for which funds have been denied or restricted;

(4) relocates an office or employees;

(5) reorganizes offices, programs, or activities; or

(6) contracts out or privatizes any functions or activities presently performed by Federal employees;

unless the Secretary of Agriculture or the Secretary of Health and Human Services (as the case may be) notifies in writing and receives approval from the Committees on Appropriations of both Houses of Congress at least 30 days in advance of the reprogramming of such funds or the use of such authority.

(b) None of the funds provided by this Act, or provided by previous Appropriations Acts to the agencies funded by this Act that remain available for obligation or expenditure in the current fiscal year, or provided from any accounts in the Treasury derived by the collection of fees available to the agencies funded by this Act, shall be available for obligation or expenditure for activities, programs, or projects through a reprogramming or use of the authorities referred to in subsection (a) involving funds in excess of $500,000 or 10 percent, whichever is less, that—

(1) augments existing programs, projects, or activities;

(2) reduces by 10 percent funding for any existing program, project, or activity, or numbers of personnel by 10 percent as approved by Congress; or

(3) results from any general savings from a reduction in personnel which would result in a change in existing programs, activities, or projects as approved by Congress;

unless the Secretary of Agriculture or the Secretary of Health and Human Services (as the case may be) notifies in writing and receives approval from the Committees on Appropriations of both Houses of Congress at least 30 days in advance of the reprogramming or transfer of such funds or the use of such authority.

(c) The Secretary of Agriculture or the Secretary of Health and Human Services shall notify in writing and receive approval from the Committees on Appropriations of both Houses of Congress before implementing any program or activity not carried out during the previous fiscal year unless the program or activity is funded by this Act or specifically funded by any other Act.

(d) None of the funds provided by this Act, or provided by previous Appropriations Acts to the agencies funded by this Act that remain available for obligation or expenditure in the current fiscal year, or provided from any accounts in the Treasury derived by the collection of fees available to the agencies funded by this Act, shall be available for—

(1) modifying major capital investments funding levels, including information technology systems, that involves increasing or decreasing funds in the current fiscal year for the individual investment in excess of $500,000 or 10 percent of the total cost, whichever is less;

(2) realigning or reorganizing new, current, or vacant positions or agency activities or functions to establish a center, office, branch, or similar entity with five or more personnel; or

(3) carrying out activities or functions that were not described in the budget request; unless the agencies funded by this Act notify, in writing, the Committees on Appropriations of both Houses of Congress at least 30 days in advance of using the funds for these purposes.

(e) As described in this section, no funds may be used for any activities unless the Secretary of Agriculture or the Secretary of Health and Human Services receives from the Committee on Appropriations of both Houses of Congress written or electronic mail confirmation of receipt of the notification as required in this section.

Dated: September 28, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

BRAD P. ROSENBERG
Chief Litigation Counsel

*/s/ Taylor Pitz*
TAYLOR PITZ
CA Bar No. 332080
Trial Attorney
Civil Division
Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Telephone: (202) 305-5200
Taylor.N.Pitz@usdoj.gov

*Counsel for Defendants*