Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
Corinne F. Johnson (SBN 287385)
Jessica M. Levy (SBN 368289)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
bchisholm@altber.com
dleonard@altber.com
cjohnson@altber.com
jlevy@altber.com

*Attorneys for All Union and Non-Profit Plaintiffs*

[Additional counsel and affiliations listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE; BROOKE ROLLINS, in her official capacity as Secretary of Agriculture,

Defendants.

Case No. 3:26-cv-09976-VC

**PLAINTIFFS' NOTICE OF PROPOSED REVISED ADMINISTRATIVE STAY ORDER**

Pursuant to the Court's September 29, 2026 order, Dkt. 91, Plaintiffs respectfully submit the attached proposed revised administrative stay order. The Court directed the parties to propose revised language that extends the current administrative stay through October 13, 2026, and "avoids creating any unintended problems for USDA" in administering the extended stay. *Id.* Plaintiffs accordingly invited USDA to explain any practical or administrative issues caused by the current stay and to suggest language to address them. Instead, USDA proposed language amending the current stay that includes extensive substantive revisions that would prematurely impose USDA's preferences regarding the ultimate scope of relief in this case. But the purpose of the administrative stay is to maintain the status quo pending the Court's decision on any preliminary relief, rather than resolve scope of relief issues in advance of that decision. Dkt. 56. The parties met and conferred, but were unable to reach agreement on the proposed language in light of USDA's extensive modifications. Plaintiffs have therefore proposed language in the accompanying proposed revised administrative stay order that does address and accommodate, as appropriate, practical issues that USDA has identified with respect to administering the stay for next 12 days—not USDA's merits arguments regarding the final scope of relief. Plaintiffs address below the agreed-upon terms, the disputes, and the reasons the Court should reject USDA's additional modifications.

**A. Agreed proposed modifications**

USDA proposed, and Plaintiffs agree, that the following modifications are appropriate.

*Empty physical offices*. The order may clarify that the stay "does not bar USDA from closing physical office locations that were empty of staff as of the date of the congressional notification letter for the relevant USDA component." USDA would add further language beyond this modification, which Plaintiffs reject and discuss below.

*Relocation payments*. The order may clarify that the stay "does not bar USDA from processing the relocation payments for employees who have already relocated." Although the September 14 administrative stay stayed all relocation deadlines (the earliest of which was September 21), a small number of employees may have relocated *before* their deadlines ran. The

stay is not intended to halt any payment or processing of relocation payments to such employees. USDA would add further language beyond this modification, which Plaintiffs reject and discuss below.

**B. USDA's modifications are inappropriate**

USDA overreaches, proposing revisions that go beyond addressing any reasonable implementation concerns and instead try to litigate ultimate scope of relief issues. Despite Plaintiffs' request for an explanation, USDA did not provide any explanation for its proposed revisions when it sent them to Plaintiffs. Plaintiffs have therefore tried to agree to and to propose modifications to accommodate what they best understand to be USDA's administrative concerns. But many of USDA's other proposals are unworkable, because they directly undercut the purpose of the administrative stay to maintain the status quo. Plaintiffs address here each of the unacceptable modifications contained in the version submitted by USDA. *See* Dkt. 97.

1. *Removing the "status quo" language*. There is no basis to delete the reasons for the administrative stay, as USDA attempts to do. The stay is being extended for all the same reasons it was issued: "to preserve the status quo, provide the Court time to address the merits of Plaintiffs' preliminary injunction motion, and accommodate Defendants' requested additional time for briefing." Dkt. 56. The Court extended the stay because USDA had failed to brief a certain issue it raised regarding Plaintiffs' appropriation act claim, *see* Sept. 29, 2026 3:10 p.m. Tr. 3:21-22, 4:8-9, and USDA agreed to an extension of the stay to allow it to further brief the issue, *id.* 8:11-14 ("We would propose an extension of seven days on the administrative stay so that the Government can provide a supplemental brief by this Friday and Plaintiffs could file a response brief next week.").

2. *Limiting the stay to employees "covered by collective bargaining agreements."* The "collective bargaining agreement" addition appears to be an effort by USDA to limit the scope of the stay to union bargaining unit employees only.[1] This is a premature attempt to impose

[1] As Plaintiffs tried to explain to USDA, under federal labor law, unions represent bargaining

USDA's view of the proper scope of relief in the case. The Court invited the parties to meet and confer at the hearing over alternative relief that included bargaining unit employees and that applied more broadly, and thereby made clear at the hearing that it had not yet decided whether any relief would be limited to bargaining unit employees, while also permitting supplemental briefing on the issue that is now due October 7. *See* Tr. 65:23-66:3, 66:13-22. That issue remains a live dispute with respect to the scope of injunctive relief and does not fall within the administration of the stay issue on which this Court invited modification.

3. *Excluding "voluntary" management directed reassignments*. The Court previously rejected USDA's first attempt to carve out what USDA describes as "voluntary" management directed reassignments or relocations (an oxymoron if there ever was one) pursuant to the Reorganization Plan with respect to the existing stay. *See* Dkt. 51, 51-1, 52, 56. One of USDA's demonstrated tactics is to pressure employees into accepting relocations or retiring by implicitly threatening worse consequences in the future if the employees do not accept or retire now. *E.g.*, Dkt. 5-13 (Hoekema Reply Decl.) ¶¶21-25 (describing employees being offered the chance to "voluntarily" relocate before receiving threatened MDRs, as well as being offered retirement incentives). Excluding from the stay reassignments or relocations under the Reorganization Plan with which employees "voluntarily wish to proceed" is potentially a loophole that USDA can exploit and would be an unfortunate invitation to coercion by the agency. Such an exclusion for a one-week stay is impossible to objectively enforce. *E.g.*, Dkt. 5-14 (3rd Hoekema Decl.) ¶¶6 (bargaining unit employees who "accepted" realignments to a different agency after being told that would allow them to avoid relocation were then issued relocation directives).

---

unit employees *regardless* of whether a CBA is in effect. The scope of Plaintiff Unions' bargaining units is not defined by whether a CBA is in place. Moreover, as explained in court, unions represent via these bargaining units both dues-paying members and those employees within the units who choose not to pay dues. Unions further represent dues-paying members outside the units, including some who have been transferred out of bargaining units pursuant to the challenged reorganizations and are now facing potential relocations which Plaintiffs are contesting on their behalf in this litigation. *E.g.*, Dkt. 5-14 ¶¶3-5. Any issues regarding the scope of relief as pertains to the employees represented by Plaintiff unions should be resolved at the proper time, not by way of this administrative stay.

4. *Excluding "incentives for employees who have already relocated or in the process of physically relocating."* The language proposed by USDA regarding "incentives" and employees "in the process" of relocating suffers from the same problems as the "voluntary" actions encouraging employees to accept the relocations at issue. This is not an administrative issue and does not belong in the stay.

5. *Excluding office closures* "*where the lease or agreement has expired*." USDA proposes permitting it to move forward with office closures where, without timeframe, the lease or agreement has expired, which encompasses actions challenged by Plaintiffs' preliminary injunction. This is not an administrability issue and is overbroad.

6. *Excluding reassignments due to "job announcements, expressions of interest, or other agency position matching processes."* The current stay is directed at actions and individuals impacted by the Reorganization Plan. Notably, the stay does not halt any hiring, transfers, promotions, or reassignments unrelated to the Reorganization Plan. The USDA's proposed exclusion language creates a large loophole in that stay and is not appropriately tailored. In particular, many employees who are applying to job announcements and participating in other agency matching processes are doing so precisely *because of* the Reorganization Plan and the forced relocations that apply to them. As is necessary to maintain the status quo, the stay currently correctly pauses all management directed reassignments or similar management directed notices of relocation issued pursuant to the Reorganization Plan.

USDA provided Plaintiffs no explanation for its insertion of this exclusion. It appears the change may have been made to address concerns raised in the Rice Declaration that USDA has decided not to process *any* personnel actions that fall under the code NOAC 721 during the stay (even though some of those actions are not being conducted under the Reorganization Plan and therefore not subject to the stay), merely because *some* actions under code NOAC 721 do fall under the Reorganization Plan. *See* Dkt. 71-1 ¶17. But that is an implementation choice by USDA. Plaintiffs have proposed more narrow language tailored to address the concern that USDA actually raised here to ensure that the stay does not cover routine personnel matters under

the code that are not proceeding pursuant to the Reorganization Plan. Plaintiffs accordingly propose adding the following language to the order: "And the stay also does not bar USDA from using personnel action code NOAC 721 for actions not involving: (1) any employee who has received any MDR letter or notice of potential reassignment or (2) the challenged Reorganization Plan."

7. *Excluding certain Agricultural Research Service research projects*. USDA has now proposed language that seeks to exclude from relief in this case relocations that it contends are occurring because particular research projects have allegedly been defunded. This is another substantive issue regarding scope of relief (raised far after briefing) that is not an administrability concern. It appears that the parties dispute whether relocations of the employees working on those research projects fall under the Reorganization Plan. This substantive dispute should not be addressed via this administrative stay.

DATED: October 1, 2026

Respectfully submitted,

Barbara J. Chisholm
Danielle E. Leonard
Corinne F. Johnson
Jessica M. Levy
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
bchisholm@altber.com
dleonard@altber.com
cjohnson@altber.com
jlevy@altber.com

By: */s/ Corinne F. Johnson*

*Attorneys for All Union and Non-Profit Plaintiffs*

Elena Goldstein (*pro hac vice*)
Tsuki Hoshijima (*pro hac vice*)
Andrea Matthews (*pro hac vice*)
Gregory M. Cumming (*pro hac vice*)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043

(202) 448-9090
egoldstein@democracyforward.org
thoshijima@democracyforward.org
amatthews@democracyforward.org
gcumming@democracyforward.org

By: */s/ Tsuki Hoshijima*

*Attorneys for All Union Plaintiffs*

Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO
80 F Street, NW
Washington, D.C. 20001
Tel: (202) 639-6426
Sanghr@afge.org

By: */s/ Rushab Sanghvi*

*Attorneys for Plaintiff American Federation of Government Employees, AFL-CIO (AFGE)*

Teague Paterson (SBN 226659)
Matthew Blumin (*pro hac vice*)
AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO
1625 L Street, N.W.
Washington, D.C. 20036
Tel: (202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org

By: */s/ Teague Paterson*

*Attorneys for Plaintiff American Federation of State County and Municipal Employees, AFL-CIO (AFSCME)*

Yvette M. Piacsek (*pro hac vice*)
General Counsel
National Federation of Federal Employees, IAM, AFL-CIO
1225 New York Ave. N.W., Suite 450
Washington, D.C. 20005

202-216-4428
ypiacsek@nffe.org

By: */s/ Yvette M. Piacsek*

*Attorneys for National Federation of Federal Employees, IAM, AFL-CIO (NFFE)*

PARAS N. SHAH (*pro hac vice*)
General Counsel
KATHRYN W. BAILEY (*pro hac vice*)
Assistant Counsel
NATIONAL TREASURY EMPLOYEES UNION
800 K Street, NW
Suite 1000
Washington, DC 20001
(202) 572-5500
paras.shah@nteu.org
kathryn.bailey@nteu.org

By: */s/ Paras N. Shah*

*Attorneys for National Treasury Employees Union (NTEU)*

David Chiu (SBN 189542)
City Attorney
Yvonne R. Meré (SBN 175394)
Chief Deputy City Attorney
Mollie M. Lee (SBN 251404)
Chief of Strategic Advocacy
Sara J. Eisenberg (SBN 269303)
Chief of Complex and Affirmative Litigation
Molly J. Alarcon (SBN 315244)
Alexander J. Holtzman (SBN 311813)
Deputy City Attorneys
OFFICE OF THE CITY ATTORNEY FOR THE CITY AND COUNTY OF SAN FRANCISCO
1390 Market Street, 7th Floor
San Francisco, CA 94102
molly.alarcon@sfcityatty.org
alexander.holtzman@sfcityatty.org

By: */s/ Alexander J. Holtzman*

*Attorneys for Plaintiff City and County of San*

*Francisco*

Tony LoPresti (SBN 289269)
COUNTY COUNSEL
Kavita Narayan (SBN 264191)
Meredith A. Johnson (SBN 291018)
Raphael N. Rajendra (SBN 255096)
Hannah M. Godbey (SBN 334475)
OFFICE OF THE COUNTY COUNSEL
COUNTY OF SANTA CLARA
70 West Hedding Street, East Wing, 9th Floor
San José, CA 95110
Tel: (408) 299-5900
Kavita.Narayan@cco.sccgov.org
Meredith.Johnson@cco.sccgov.org
Raphael.Rajendra@cco.sccgov.org
Hannah.Godbey@cco.sccgov.org

By: /s/ Tony LoPresti

*Attorneys for Plaintiff County of Santa Clara, Calif.*

Sharanya Mohan (SBN 350675)
Kayla Svihovec (*pro hac vice*)
Toby Merrill (*pro hac vice*)
PUBLIC RIGHTS PROJECT
490 43rd Street, Unit #115
Oakland, CA 94609
Tel: (510) 738-6788
sai@publicrightsproject.org
kayla.svihovec@publicrightsproject.org
toby@publicrightsproject.org

By: /s/ Kayla Svihovec

*Attorneys for Plaintiffs Baltimore, MD, Chicago, IL, Martin Luther King, Jr. County, WA, Prince George's County, MD*

Christopher Sanders (WA SBN: 47518 (*pro hac vice*))
General Counsel & Chief Legal Advisor to King County Executive Girmay Zahilay
Mika Rothman (WA SBN: 55870 (*pro hac vice*))
Deputy General Counsel to King County Executive Girmay Zahilay

Erin King-Clancy (CA SBN: 249197, WA SBN: 57259)
Senior Deputy Prosecuting Attorney
Office of King County Prosecuting Attorney Leesa Manion
401 5th Avenue, Ste. 800
Seattle, WA 98104
(206) 477-9483
ChrSanders@kingcounty.gov
mrothman@kingcounty.gov
EClancy@kingcounty.gov

By: /s/ Erin King-Clancy

*Attorneys for King County*

Ebony M. Thompson (*pro hac vice app. forthcoming*)
Baltimore City Solicitor
Christopher Sousa (SBN 264874)
Baltimore City Department of Law
100 N. Holliday Street
Baltimore, Maryland 21202
Tel: (443) 610-8859
christopher.sousa@baltimorecity.gov

By: /s/ Christopher Sousa

*Attorneys for Plaintiff City of Baltimore*

Anthony D. Jones (*pro hac vice app. forthcoming*)
Prince George's County Attorney
Prince George's County Office of Law
1301 McCormick Drive, Suite 4100
Largo, Maryland 20774
Tel: (301) 925-5225
adjones@princegeorgescountymd.gov

By: /s/ Anthony D. Jones

*Attorney for Plaintiff Prince George's County*

Gavin G. McCabe
NATURAL RESOURCES DEFENSE COUNCIL
111 Sutter St Fl 21,
San Francisco, CA 94104
Tel: (415) 875-6100
gmccabe@nrdc.org

By: <u>*/s/ Gavin G. McCabe*</u>

*Attorneys for Plaintiff Natural Resources Defense Council*