Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
Corinne F. Johnson (SBN 287385)
Jessica M. Levy (SBN 368289)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
bchisholm@altber.com
dleonard@altber.com
cjohnson@altber.com
jlevy@altber.com

*Attorneys for All Union and Non-Profit Plaintiffs*

[Additional counsel and affiliations listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE; BROOKE ROLLINS, in her official capacity as Secretary of Agriculture,

Defendants.

Case No. 3:26-cv-09976-VC

**PLAINTIFFS' NOTICE OF REVISED PROPOSED PRELIMINARY INJUNCTION ORDER**

Pursuant to the Court's September 29, 2026 order, Dkt. 91, and direction provided by the Court at the September 29, 2026 preliminary injunction hearing, Dkt. 95, Tr. at 64:6-68:3, 66:11-22, Plaintiffs respectfully submit the accompanying revised proposed preliminary injunction orders.[1] As directed, the parties met and conferred regarding proposed preliminary injunction language, but ultimately were unable to reach agreement. Below, Plaintiffs briefly address Plaintiffs' proposed orders, including explaining why preliminary relief should cover all employees—not just bargaining unit members—who are subject to the challenged actions. Plaintiffs also respond to Defendants' proposed order, which raises issues that Defendants have not previously raised or briefed.

## 1. Plaintiffs' Proposed Order Preserves the Status Quo And Provides Complete Relief to Union Plaintiffs

In response to Court's comments during the preliminary injunction hearing, Plaintiffs have divided their proposed orders into three sections, corresponding to each of the appropriations statutes at issue: Section 771 for the Agricultural Research Service; Section 421 for the Forest Service; and Section 716(d) for the other USDA components. *See* Tr. at 64:6-64:13. Also as requested by the Court, Plaintiffs have provided two alternative versions of their proposed order: one that covers all employees subject to the actions of the USDA components at issue, and one that is limited to employees that the Plaintiff Unions represent. *See* Tr. 66:13-17 (requesting two alternative orders). For reasons explained further below, the law and record support entering the broader relief. *See* Section 3, *infra*. However, with respect to the latter alternative, Plaintiffs note that Plaintiff Unions represent not only all employees within the relevant bargaining units (which include both dues-paying members and employees who choose not to pay dues), but also dues-paying members outside those units. At any rate, Plaintiffs maintain that any injunction entered by the Court should cover all employees subject to the

[1] Plaintiffs have revised these proposed orders consistent with direction by the Court that any preliminary injunction would only be issued as to the Union Plaintiffs. Tr. 66:4-10. Plaintiffs maintain that Local Government and Non-Profit Plaintiffs have sufficiently demonstrated likely irreparable harm. Plaintiffs fully reserve all rights to pursue complete preliminary and final relief for all Plaintiffs and on all claims.

challenged actions at the USDA components at issue—not just the employees represented by Plaintiff Unions.

**2. USDA's Proposed Order Will Not Preserve the Status Quo**

USDA has proposed a preliminary injunction order that is largely toothless. USDA's order is rife with exceptions and carveouts that will enable USDA to proceed apace with its planned office closures and relocations, and will therefore be largely ineffective at maintaining the status quo or preventing harm. Other aspects of that proposed order are unnecessary, unclear, and counterproductive. Plaintiffs address the most problematic aspects of USDA's proposed order below.

***Paragraph 1:***

*Embedding the statutory language.* USDA's opening paragraph is unworkable because it merely incorporates the statutory language of the appropriations statutes and states that USDA is enjoined from violating those statutes when reorganizing. *See, e.g.*, Paragraph 1 (enjoining USDA from using funds "in a manner that implicates Sections 716 and/or 771"). But an injunction should not just require a party to "follow the law," without more. An injunction should reflect how the Court has interpreted and applied the statutory language to the particular situation at issue. Plaintiffs' injunction properly provides that direction, identifying with clear, plain language what specific actions USDA is enjoined from performing (namely, relocations and office closures) because they violate the appropriations statutes as applied here.

*Limitation to management directed reassignment letters*. USDA improperly seeks to limit the injunction to employee relocations that are accomplished through "management directed reassignment" ("MDR") letters. But although MDR letters are one way USDA can implement forced employee relocations, they are not the only way. Limiting the injunction to MDR letters would enable USDA to continue relocating employees through other means, including those that have the same force and effect as MDR letters but are not technically classified as such letters in agency parlance. That would risk undermining the ability of the injunction to preserve the status quo. Plaintiffs' proposed injunction therefore reasonably

enjoins issuance and enforcement of MDR letters as well as "any other notice or directive of reassignment or relocation" issued to implement USDA's Reorganization Plan.

*Limitation to employees covered by a Collective Bargaining Agreement*. There is no basis to restrict the order to employees covered by a collective bargaining agreement ("CBA"). *Even if* the preliminary injunction order were to be limited to bargaining unit employees and/or dues-paying members of Plaintiff Unions, the CBA restriction would exclude a subset of those employees for no justifiable reason. Under federal labor law, unions represent bargaining unit employees and dues-paying members *regardless* of whether a CBA is in effect (as Plaintiffs explained to USDA during the meet and confer). The scope of Plaintiff Unions' bargaining units and membership is simply not defined by whether a CBA is in place. USDA has never articulated any basis for this attempt to narrow the scope of covered employees even further beyond those who are bargaining unit members or members of Plaintiff Unions.

*Limitation to employees represented by unions as of the date of Plaintiffs' motion.* There is similarly no basis to limit the preliminary injunction to employees who were represented by the Plaintiff Unions as of the date Plaintiffs filed their second motion for preliminary injunction. During the summer, USDA has been transferring employees outside of their current bargaining units pursuant to the challenged reorganizations, and such employees are now facing potential relocations that Plaintiffs are contesting on their behalf in this litigation. *E.g.*, Dkt. 5-14 ¶¶3-5. Those members should be covered by the preliminary injunction. The purpose of an injunction is to maintain the status quo. The status quo is measured at the time of the defendants' challenged action—not at the time that suit is filed. *See Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 684-86 (9th Cir. 2023) (en banc) (status quo is "the legally relevant relationship between the parties before the controversy arose").

***Paragraph 2.***

*Definition of "local commuting area."* Plaintiffs have agreed, for purposes of preliminary relief only, that any preliminary relief will apply to relocations that require employees to move outside their local commuting area. The parties dispute, however, how

"local commuting area" should be defined. Plaintiffs have reasonably proposed a bright-line, objective standard that defines "local commuting area" to mean the area within 40 road miles of the employee's current duty station. By contrast, USDA's lengthy definition is ambiguous and unclear, and will be difficult to objectively enforce. *See* Paragraph 2 (quoting 5 C.F.R. §351.203 to refer to "surrounding localities in which people live and can reasonably be expected to travel back and forth daily to their usual employment"). To the extent USDA's lengthy definition incorporates a distance limit of 50 miles (although it is far from clear that it does), that limit is too far to reasonably be considered within a local commuting area. *See, e.g.* Dkt. 79-1 ¶17 (50-mile limit results in 2-3 hour round trip commutes for some Forest Service employees).

***Paragraph 3.***

*Incomplete list of components.* First, USDA's list of covered components incorrectly omits the Office of General Counsel, which is one of the components where Plaintiff Unions have demonstrated they have bargaining unit employees and members who are being relocated. Dkt. 5-1 at 14; Dkt. 5-16 ¶¶21-23. Second, USDA's list incorrectly includes only the subcomponent Farm Production and Conservation ("FPAC") Business Center and omits the rest of the Farm Production and Conservation mission area. But the Farm Production and Conservation reorganization is transferring employees, including bargaining unit employees, *between* subcomponents within the mission area, and then relocating them. *See, e.g.*, Dkt. 5-14 ¶¶3-5 (transferring FPAC Business Center employees to the Natural Resources Conservation Service and *then* relocating them). To fully protect Plaintiff Unions' members and bargaining unit employees, the entire FPAC mission area should be included in the preliminary injunction.

***Paragraph 5.***

*5.a. Exclusion of actions taken to address the USE IT Act.* There is no basis for excluding all actions purportedly taken pursuant to the USE IT Act. First, nothing in Plaintiffs' proposed relief prevents USDA from taking those actions as such. Indeed, Plaintiffs already agreed that USDA may continue to close empty offices, *see infra,* that USDA may continue with its actions to close and consolidate offices in the National Capital Region (including to address

USE IT Act issues), *see supra*, and that relocations covered by the preliminary relief do not include relocating employees within their local commuting area (including to address USE IT Act issues), *see supra*. But allowing USDA to exempt all office closures and employee relocations under the guise of USE IT Act space concerns threatens to create a giant hole in any preliminary relief. To the extent USDA buildings are underutilized, that has been the case for years. USDA suffers no great harm from that continuing for the duration of this case.

*5.b. Closure of offices empty as of the date of this order. Plaintiffs'* proposed order reasonably clarifies that the offices USDA is restricted from closing do not include physical locations that were empty of staff as of the date of the congressional notification letter for the relevant USDA component. USDA attempts to add a similar clarification, but incorrectly exempts offices that were emptied in order to implement the reorganization, which is not the correct way to preserve the status quo. *See Fellowship of Christian Athletes*, 82 F.4th at 684-86.

*5.c. Exemption of expiring leases*. There is no basis for this large carveout. USDA is allowing leases to expire and seeking termination of other leases precisely *because of* the reorganization, and because USDA wants to close those offices and relocate employees. *See* Dkt. 71-1 ¶92 (Food and Nutrition Administration regional office leases expiring). Allowing USDA to continue to close and relocate employees from those offices will be a large loophole in the injunction.

*5.d. Reassignment of all employees who "apply" for positions*. USDA's proposed exception is overbroad. Many employees who are applying to job announcements and participating in other agency matching processes are doing so precisely *because of* the Reorganization Plan and the forced relocations that apply to them. Plaintiffs have proposed a more reasonable limitation that addresses USDA's concern about moving forward with applications and hiring at positions unrelated to the reorganization: "This Order does not prohibit any USDA employee subject to this Order from applying for a new position unrelated to the implementation of the USDA Reorganization Plan at the components subject to this Order, or USDA from appointing any employee subject to this Order to any new position unrelated to the

implementation of the USDA Reorganization Plan at the components subject to this Order."

*5.e. Exclusion of certain Agricultural Research Service employees*. USDA wishes to force the relocations of Agricultural Research Service employees at the Beltsville Agricultural Research Center ("BARC") whose research they contend has received insufficient funding. However, those relocations are intertwined with the closing of BARC. The reason that USDA is relocating those employees to far-flung relocations rather than reassigning them to other research projects at BARC *is because USDA is closing BARC as part of its reorganization*. (Put another way, if USDA were not closing BARC, those employees could be reassigned within BARC, not relocated across the country). Preliminary relief should cover these employees.

*5.f. Issuance of vacancy announcements and hiring*. Plaintiffs' requested preliminary relief would not prevent USDA from issuing vacancy announcements or hiring at any USDA location. USDA's requested "exception" to allow those actions is entirely unnecessary and instead is counterproductive, because it confusingly suggests that those actions otherwise *would* be covered by the order—which they would not be.

*5.g. Allowing relocations of employees who have been "promoted."* This is another instance of USDA attempting leave itself room to move ahead with relocations by calling them by a different name: "promotions" rather than "relocations." Plaintiffs' proposed relief properly applies to prevent all relocations to implement the Reorganization Plan—regardless of whether they come with a nominal "promotion." Of course, any promotions *not* related to the Reorganization Plan—including promotions that employees apply for—will not be enjoined.

*5.h. Allowing relocations of employees who "wish to relocate."* As Plaintiffs have repeatedly explained, there are serious concerns with carving out supposedly voluntary relocations. One of USDA's demonstrated tactics is to pressure employees into accepting relocations or retiring by implicitly threatening worse consequences in the future if the employees do not accept or retire now. *E.g.*, Dkt. 5-13 ¶¶21-25 (describing employees being offered the chance to "voluntarily" relocate before receiving threatened MDRs, as well as being offered retirement incentives). Excluding from the stay relocations under the Reorganization

Plan with which employees "wish to continue" is potentially a loophole that USDA can exploit and would be an unfortunate invitation to coercion by the agency. Such an exclusion is also impossible to objectively enforce. Plaintiffs have shown that there are many reasons employees "accepted" relocations even though they did not wish to relocate. *See, e.g.*, Dkt. 5-15 ¶¶6-10 (employees formally "accepted" MDRs because they were required to do so in order to apply for reasonable accommodations and hardship exemptions); Dkt. 5-14 ¶6 (bargaining unit employees who "accepted" realignments to a different agency after being told that would allow them to avoid relocation were then issued relocation directives).

***Paragraph 6.***

*No requirement to undo prior relocations or halt relocation payments.* Plaintiffs generally agree that any preliminary relief would not require USDA to undo relocations that have already occurred or prevent USDA from processing relocation payments. USDA's language, however, is overbroad, as it is not properly limited to relocations that occurred prior to the administrative stay order. Plaintiffs have proposed the following more precise language in their order: "This Order does not require USDA to return employees who were relocated pursuant to the USDA Reorganization Plan and began work at their new duty station prior to this Court's first administrative stay order on September 14, 2026, to their original duty station or enjoin USDA from issuing any associated relocation incentive or payment entitlements to those employees."

***Paragraph 7.***

*Not providing notice to all employees.* USDA's proposed order would only require USDA to notify the employees represented by Union Plaintiffs of the preliminary injunction order. There is no basis to keep the other employees in the dark. In the interests of transparency and ensuring that any relief is properly implemented by agency employees, notice of any preliminary relief should be provided to *all* employees in the covered components.

For all of these reasons, Plaintiffs respectfully request that, if the Court issues preliminary relief, the Court enter Plaintiffs' proposed order, not USDA's.

### 3. The Court Should Grant Relief to All Employees Subject to the Challenged Actions to Maintain the Status Quo and Preserve the Union Plaintiffs' Ability to Seek Complete Relief

Even if the Court grants Plaintiffs' motion only with respect to the Union Plaintiffs, the law and record support granting a broader injunction and stay with respect to the closure of offices and relocations of all employees subject to the challenged actions in the affected components. Completely enjoining the actions that are harming the Union Plaintiffs is necessary both to stop that harm and to preserve the Union Plaintiffs' ability to obtain complete relief in this case.

As the Ninth Circuit has made clear, "[t]here is no rule [] that nonparties must remain unaffected by the court's order." *Los Angeles Press Club v. Noem*, 171 F.4th 1179, 1191 (9th Cir. 2026) (quotation omitted). "[A]n injunction is not necessarily made overbroad by extending benefit or protection to persons other than the prevailing parties in the lawsuit ... if such breadth is necessary to give prevailing parties the relief to which they are entitled." *City & County of San Francisco v. Trump*, 897 F.3d 1225, 1244 (9th Cir. 2018) (citation omitted); *see also AFSCME v. OMB*, 807 F.Supp.3d 1004, 1044 (N.D. Cal. 2025) ("[N]on-plaintiff members may be incidentally benefitted by the complete relief required for plaintiffs.").[2] Allowing USDA to fracture and move *parts* of the offices in which the Union Plaintiff employees work will not maintain the status quo, and will undermine the ability of Union Plaintiffs to fully enjoin and set aside these unlawful actions at the end of the case. Humpty Dumpty will not be easily pieced back together if USDA is permitted to move other employees in these same offices.

Specifically, the agency actions that the Union Plaintiffs seek to enjoin and stay now pursuant to 5 U.S.C. §705, and to permanently enjoin and vacate pursuant to 5 U.S.C. §706 at the

[2] The incidental impact of preliminary injunctions on non-plaintiffs has long been permissible under federal courts' equitable authorities, as the Supreme Court most recently confirmed in the *CASA* decision (which does not address the APA). *Trump v. CASA, Inc.*, 606 U.S. 831, 851 (2025) ("The equitable tradition has long embraced the rule that courts generally 'may administer complete relief *between the parties*.'" (citing *Kinney-Coastal Oil Co. v. Kieffer*, 277 U.S. 488, 507 (1928))); *id.* ("While party-specific injunctions sometimes 'advantag[e] nonparties,' they do so only incidentally." (citation omitted)); *see also Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1501-02 (9th Cir. 1996).

end of this case, are the decisions by USDA to close offices and relocate the employees within those offices. It does not preserve the status quo for Union Plaintiffs to allow USDA to implement its reorganization model for a smaller subset of non-bargaining unit employees (who are predominantly the supervisory employees) at an office, while maintaining the current structure for the rest of employes at the office (who will have lost their supervisors and have two conflicting organizational structures meant to govern their work). For example, USDA seeks to close BARC. The jobs of the research support staff represented by Plaintiff Union AFGE are not preserved if USDA relocates the unrepresented principal scientists with whom they work, along with the research projects and all of the research equipment, to another location across the country. *See* Dkt. 5-24 (Mitchell Decl.) ¶23 (relocation decisions of principal investigators and research support staff are intertwined), ¶28 (loss of scientists who cannot relocate will bring projects to a halt); Dkt. 5-57 (Millner Decl.) ¶¶17, 20 (projects rely on expensive, specialized equipment and sets of samples). If USDA takes that action to disturb the status quo, it will be very difficult (if not impossible) to reconstruct this facility and later award the Union Plaintiffs complete relief. *Cf. Allen v. Milligan*, 599 U.S. 1, 17 (2023) (affirming injunction of redistricting plan).

USDA itself has admitted that it does not preserve the status quo to divide up offices. In its Opposition, USDA claimed that dual facilities would incur costs, produce "extended vacancies in key functions, concentrate workloads, and jeopardize execution of statutory obligations." Dkt. 71 at 34. Moreover, USDA will undeniably suffer attrition from the forced relocation of non-union employees. The Union Plaintiffs will both suffer the immediate impacts of this change to the status quo *and* lose the ability to obtain complete relief in the end. The immediate effects are supported by Plaintiffs' declarations, which describe the workloads of employees at these already understaffed agencies and the severe stress and burnout the remaining employees will face from colleagues' departures. *See, e.g.*, Dkt. 5-10 ¶14; Dkt. 5-21 ¶6; Dkt. 5-32 ¶¶16, 24; Dkt. 5-36 ¶33. The "increased workloads in drastically altered working environments to compensate for reduced workforces" that will burden and stress union-

represented employees justifies a preliminary injunction that applies not only to them but also to their non-represented colleagues. *AFSCME*, 807 F.Supp.3d at 1044.

Accordingly, the fact that preliminary relief covering represented and non-represented employees will incidentally benefit non-represented employees does not make such relief overbroad. Rather, that scope of relief is necessary to preserve the status quo and the ability of the Union Plaintiffs to obtain complete relief at the end of this case.

DATED: October 7, 2026

Respectfully submitted,

Barbara J. Chisholm
Danielle E. Leonard
Corinne F. Johnson
Jessica M. Levy
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
bchisholm@altber.com
dleonard@altber.com
cjohnson@altber.com
jlevy@altber.com

By: /s/ *Corinne F. Johnson*

*Attorneys for All Union and Non-Profit Plaintiffs*

Elena Goldstein (*pro hac vice*)
Tsuki Hoshijima (*pro hac vice*)
Andrea Matthews (*pro hac vice*)
Gregory M. Cumming (*pro hac vice*)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
egoldstein@democracyforward.org
thoshijima@democracyforward.org
amatthews@democracyforward.org
gcumming@democracyforward.org

By: /s/ *Tsuki Hoshijima*

*Attorneys for All Union Plaintiffs*

Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO
80 F Street, NW
Washington, D.C. 20001
Tel: (202) 639-6426
Sanghr@afge.org

By: <u>*/s/ Rushab Sanghvi*</u>

*Attorneys for Plaintiff American Federation of Government Employees, AFL-CIO (AFGE)*

Teague Paterson (SBN 226659)
Matthew Blumin (*pro hac vice*)
AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO
1625 L Street, N.W.
Washington, D.C. 20036
Tel: (202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org

By: <u>*/s/ Teague Paterson*</u>

*Attorneys for Plaintiff American Federation of State County and Municipal Employees, AFL-CIO (AFSCME)*

Yvette M. Piacsek (*pro hac vice*)
General Counsel
National Federation of Federal Employees, IAM, AFL-CIO
1225 New York Ave. N.W., Suite 450
Washington, D.C. 20005
202-216-4428
ypiacsek@nffe.org

By: <u>*/s/ Yvette M. Piacsek*</u>

*Attorneys for National Federation of Federal Employees, IAM, AFL-CIO (NFFE)*

PARAS N. SHAH (*pro hac vice*)

General Counsel
KATHRYN W. BAILEY (*pro hac vice*)
Assistant Counsel
NATIONAL TREASURY EMPLOYEES UNION
800 K Street, NW
Suite 1000
Washington, DC 20001
(202) 572-5500
paras.shah@nteu.org
kathryn.bailey@nteu.org

By: */s/ Paras N. Shah*

*Attorneys for National Treasury Employees Union (NTEU)*