UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE; BROOKE ROLLINS, in her official capacity as Secretary of Agriculture,<br><br>Defendants. | Case No. 3:26-cv-09976-VC<br><br>**[REVISED PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND STAY UNDER 5 U.S.C. §705** |

**[PROPOSED] ORDER**

Upon consideration of Plaintiffs' motion for a preliminary injunction and stay under 5 U.S.C. §705, and for good cause shown, IT IS HEREBY ORDERED that the motion is GRANTED with respect to the Union Plaintiffs.[1]

Plaintiffs have moved this Court to stay and enjoin Defendants United States Department of Agriculture ("USDA") and Brooke Rollins, in her official capacity as Secretary of Agriculture, from taking certain further action implementing the USDA Reorganization Plan by closing offices and facilities and relocating employees, which Plaintiffs challenge as unlawful agency action(s) in violation of the Administrative Procedure Act ("APA") and as ultra vires.

The Court finds that Plaintiffs have demonstrated a likelihood of success on the merits of their APA and ultra vires claims for two reasons. First, Congress prohibited USDA from engaging in the reorganization activities at issue here in Section 771 of the Fiscal Year 2026 ("FY2026") appropriations act for USDA, Section 421 of the FY2026 appropriations act that applies to the U.S. Forest Service, and Section 716(a) of the FY2026 USDA act. Section 771 prohibits USDA from using funds to "close or consolidate the resources or locations of any existing Agricultural Research Service laboratories and facilities" (regardless of whether those expenditures implicate reprogramming or transfers). Pub. L. 119-37, Div. B §771 139 Stat. 495, 555 (2025). Plaintiffs have established a likelihood of success in demonstrating that USDA is violating this section by closing and consolidating resources and locations of the Agricultural Research Service, including the largest USDA research facility, the Beltsville Agricultural Research Center ("BARC") in Maryland. Section 421 prohibits USDA from using funds to

[1] The Union Plaintiffs include: the American Federation of Government Employees ("AFGE"); American Federation of State County and Municipal Employees ("AFSCME"); the National Federation of Federal Employees ("NFFE"); and the National Treasury Employees Union ("NTEU") (together, "Union Plaintiffs"). The Union Plaintiffs have established, and USDA does not dispute that they represent bargaining unit employees and have dues-paying members at each of the following USDA components: Forest Service; Food and Nutrition Administration; Agricultural Research Service; Economic Research Service; National Institute of Food and Agriculture; Foreign Agricultural Service, Rural Development mission area; Farm Production and Conservation mission area; Office of the General Counsel, and Office of the Assistant Secretary for Civil Rights.

reorganize the United States Forest Service ("USFS"). Pub. L. 119-74, Div. C §421, 140 Stat. 5, 163 (2026). Plaintiffs have established a likelihood of success in demonstrating that the actions USDA is taking to reorganize USFS violate this provision. Finally, Section 716(a) prohibited USDA, among other things, from "reprogramming" or "transferring" funds to engage in specified reorganization actions. Pub. L. 119-37, Div. B §716, 139 Stat. 495, 544 (2025). Plaintiffs have also established a likelihood of success that actions USDA is taking to reorganize the following components at which the Union Plaintiffs represent employees or have members violate this provision: the Food and Nutrition Administration; Agricultural Research Service; Economic Research Service; National Institute of Food and Agriculture; Foreign Agricultural Service, Rural Development mission area; Farm Production and Conservation mission area; Office of the General Counsel, and Office of the Assistant Secretary for Civil Rights.

Defendants argue that the approval provisions of these statutes are unconstitutional, but the problematic provisions are severable and the remainder of the statutes bar USDA from engaging in this reorganization. Plaintiffs have therefore established a likelihood that the USDA's current reorganization actions are therefore contrary to law and ultra vires. Second, USDA has admitted that it made the decisions to move forward with its reorganization, including office closures and the forced relocation of thousands of employees across the components at issue here, without having analyzed or accounted for important aspects of the decision that it should have considered at the time (i.e., the impact of expected employee attrition on the agency's ability to perform its statutorily mandated and authorized functions). Plaintiffs have also established a likelihood of demonstrating, on the record before this Court including USDA's admissions, that the decisions to close offices and force employees to relocate at the components challenged by Plaintiffs' motion, without having considered and analyzed the impact of attrition, are arbitrary and capricious for failing to consider an important aspect of the problem.

Plaintiffs have also established a likelihood of irreparable harm in the absence of a stay and/or injunctive relief. Each Union Plaintiff represents USDA employees of the various components subject to office closures and force relocation, and they and their members will

suffer imminent irreparable harm from the loss of employment (for many, an entire career), wages, and benefits by the many members who are unable to relocate, and from the resulting impact on the unions' core representational activities. The balance of equities tips in the Union Plaintiffs' favor, and a stay and preliminary injunction maintaining the status quo until the merits of Plaintiffs' claims can be resolved is in the public interest. Moreover, Plaintiffs have also demonstrated that to maintain the status quo and protect Plaintiffs' ability to obtain complete relief to which they would be entitled pursuant to their APA and ultra vires claims, the Court should enjoin the challenged USDA's actions closing the offices and relocating the employees in the offices in which the employees represented by and/or members of the Plaintiff Unions' work. Any incidental benefit to other employees in those offices is necessary and proper to stay and enjoin the unlawful USDA actions impacting Plaintiffs, and to maintain the status quo for the duration of this litigation.

Accordingly, pursuant to this Court's authority, including but not limited to the authority to "issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights," 5 U.S.C. §705, IT IS HEREBY ORDERED that:

1. <u>Agricultural Research Service ("ARS")</u>. Defendants USDA and Rollins and their officers, agents, servants, employees, and attorneys, and all persons acting by, through, under, or in concert with these Defendants, are enjoined and stayed from taking action to implement, carry out, or effectuate the USDA Reorganization Plan by closing or consolidating the resources or locations of any ARS laboratory or facility including BARC. Defendants are further enjoined from relocating or reassigning the employees or their positions or functions for any such ARS laboratory or facility to different and/or new locations outside the local commuting area, including by issuing or enforcing "management directed reassignment" ("MDR") letters or any other notice or directive of reassignment or relocation in whole or in part, including any deadlines in those letters.

<u>2. United States Forest Service ("USFS")</u>. Defendants USDA and Rollins and their officers, agents, servants, employees, and attorneys, and all persons acting by, through, under, or

in concert with these Defendants, are enjoined and stayed from taking action to implement, carry out, or effectuate the USDA Reorganization Plan by (a) closing or eliminating offices or (b) relocating or reassigning employees or their positions or functions to different and/or new locations outside the local commuting area, including by issuing or enforcing MDR letters or any other notice or directive of reassignment or relocation in whole or in part, including any deadlines in those letters at the USFS.

3. Remaining USDA Components Challenged By Plaintiffs' Motion. Defendants USDA and Rollins and their officers, agents, servants, employees, and attorneys, and all persons acting by, through, under, or in concert with these Defendants, are enjoined and stayed from taking action to implement, carry out, or effectuate the USDA Reorganization Plan by (a) closing or eliminating offices or (b) relocating or reassigning employees or their positions or functions to different and/or new locations outside the local commuting area, including by issuing or enforcing MDR letters or any other notice or directive of reassignment or relocation in whole or in part, including any deadlines in those letters at the: Food and Nutrition Administration, Agricultural Research Service, Economic Research Service, National Institute of Food and Agriculture, Foreign Agricultural Service, Rural Development mission area, Farm Production and Conservation mission area, Office of the General Counsel, and Office of the Assistant Secretary for Civil Rights.

4. Notwithstanding the foregoing, this Order does not enjoin relocating or reassigning USDA employees currently located within the National Capital Region[2] to other local offices or locations also located within the National Capital Region, or closing offices, programs, or facilities in the National Capital Region from which all employees have been relocated or reassigned to other local offices or locations within the National Capital Region.

5. For purposes of this Order, "Local commuting area" means the area within 40 road miles of the employee's current duty station.

---

[2] *See* 40 U.S.C. §71(b).

6. For purposes of this Order, "offices" does not include physical locations that were empty of staff as of the date of the congressional notification letter for the relevant USDA component (which are either in April or June 2026).

7. This Order does not require USDA to return employees who were relocated pursuant to the USDA Reorganization Plan and began work at their new duty station prior to this Court's first administrative stay order on September 14, 2026, to their original duty station or enjoin USDA from issuing any associated relocation incentive or payment entitlements to those employees.

8. This Order does not prohibit any USDA employee subject to this Order from applying for a new position unrelated to the implementation of the USDA Reorganization Plan at the components subject to this Order, or USDA from appointing any employee subject to this Order to any new position unrelated to the implementation of the USDA Reorganization Plan at the components subject to this Order.

9. Within two (2) business days, Defendants shall provide notice of this Order to all USDA employees working at USDA components included in the above stay and injunction, and any labor organization representing any of those affected USDA employees, including by email notification that includes this Order, and by posting this Order on the USDA Reorganization website (https://www.usda.gov/about-usda/reorganization) and any website of any affected component agency dedicated to the USDA Reorganization Plan.

IT IS FURTHER ORDERED that, within seven (7) business days, Defendants shall file a declaration(s) verifying that they have complied with this Order and setting forth the steps it they have taken to do so.

**IT IS SO ORDERED.**

Dated: ______________________, 2026

_________________________________
The Honorable Vince Chhabria
United States District Court Judge