Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
Corinne F. Johnson (SBN 287385)
Jessica M. Levy (SBN 368289)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
bchisholm@altber.com
dleonard@altber.com
cjohnson@altber.com
jlevy@altber.com

*Attorneys for All Union and Non-Profit Plaintiffs*

[Additional counsel and affiliations listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE; BROOKE ROLLINS, in her official capacity as Secretary of Agriculture,<br><br>Defendants. | Case No. 3:26-cv-09976-VC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR STAY PENDING APPEAL** |

## TABLE OF CONTENTS

INTRODUCTION ..... 1

1. USDA Does Not Even Try to Meet the Standard for a Motion for Reconsideration .. 1

2. All *Nken* Factors Weigh Against a Stay Pending Appeal ..... 2

3. USDA's Lengthy Delay Undermines Any Claim of Irreparable Harm ..... 4

4. USDA's Public Statements Suggest the True Reason for Its Motion ..... 4

5. The Court's Order Does Not Harm Forest Service Wildfire or Avalanche Operations ..... 5

6. The Court's Order Does Not Harm BARC Research ..... 8

## INTRODUCTION

USDA provides no basis for the Court to reconsider its prior order denying a stay pending appeal. USDA seeks to proceed with its reorganization despite Congress's express prohibition of such activities, and yet offers no argument why or how its desire to proceed can be squared with that congressional bar. USDA's claims of harm to certain Forest Service and BARC operations are inaccurate. USDA's very lengthy delay in filing this motion is the first clue that those purported harms are neither imminent nor irreparable. Moreover, large portions of USDA's two new declarations purportedly providing "additional" information are in fact merely copied word-for-word from the Rice Declaration that USDA previously filed. The only new argument that USDA raises is predicated entirely on a mischaracterization of the Court's Order as preventing all voluntary relocations, *even if they have nothing to do with the challenged reorganization.* But that construction is contrary to the Order's plain text and meaning. The apparent actual basis for USDA's motion appears to be Defendant Secretary Rollins' recent public statements that USDA intends to move "full bore ahead" with the challenged reorganization, notwithstanding the Court's Order. *See* Section 4, *infra.* USDA's policy preference to pursue its reorganization should be taken up with Congress—which is slated to decide within the next month whether to extend or discontinue the appropriation statutes prohibitions at issue—not with the Court. What USDA's motion really seeks is permission to do exactly what Congress has so far said it cannot, and immediately relocate or terminate hundreds of employees, with many more relocations and terminations to follow imminently. The Court should (again) deny USDA's motion.

**1. USDA Does Not Even Try to Meet the Standard for a Motion for Reconsideration**

USDA effectively moves for reconsideration of the Court's prior denial of USDA's request for a stay pending appeal. *See Orubo v. Activehours, Inc.*, 826 F.Supp.3d 1071, 1074 (N.D. Cal. 2026). USDA claims it has submitted "additional declaration testimony addressing the impact of the Stay Order." Dkt. 111-1. at 1. But USDA does not contend or demonstrate that such testimony meets the standard for reconsideration, which requires a showing of new, material facts that either occurred after the Order or that USDA could not have previously known through exercising reasonable diligence. *See* L. Civ. R. 7-9(b)(1), (2); *Kona Enters., Inc. v. Est. of Bishop*,

229 F.3d 877, 890 (9th Cir. 2000).

Nor could USDA reasonably do so, because many paragraphs of the Schultz and Hutchins Declarations are copy-pasted directly from the Rice Declaration that USDA submitted in opposition to Plaintiffs' preliminary injunction motion. *Compare* Dkt. 111-2 (Schultz) ¶¶6-8, 10-14, 16-18, 22-31, 34-35 *and* Dkt. 111-3 (Hutchins) ¶¶5-8, 11-14, 18, 20-22(a)-(q), 24-25(a)-(uu), 26-27 *with* Dkt. 71-1 (Rice) ¶¶68, 102-26, 129(A)-(TT), 136, 145-49, 152, 157; *see also* L. Civ. R. 7-9(c) ("No motion for leave to file a motion for reconsideration may repeat any … argument made by the applying party in support of or in opposition to the … order"). Most, if not all, of the rest of the information in the declarations is not new facts and was known or should have been known to USDA at the time of its first stay request and opposition to Plaintiffs' preliminary injunction motion (which applies the same factors) and the supplemental briefing the Court permitted on the scope of any injunction/stay. *See* Dkt. 95 (Tr.) at 55:22-24, 65:14-19, 66:13-22; Dkt. 92; Dkt. 105 at 4 (USDA raising alleged BARC funding cuts).

The only issue that USDA arguably could not have raised before with reasonable diligence is its mischaracterization of the Order as preventing all relocations (even those that are not related to the reorganization). *See* Dkt. 111-2 ¶¶38-51 (describing purported impacts to non-reorganization related fire and avalanche positions). But that information is irrelevant, as the Order does not prevent those relocations. *See infra* at 6-7. USDA's motion is therefore an improper and unauthorized motion for reconsideration and could be denied on that ground alone.

**2. All *Nken* Factors Weigh Against a Stay Pending Appeal**

USDA also fails to satisfy the criteria for a stay. A stay pending appeal is an "extraordinary request." *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 661 (9th Cir. 2021). It "is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009). The applicant must make "strong showing" that it is likely to succeed on the merits on appeal and must demonstrate that irreparable harm to the applicant is likely without a stay. *Id.* at 433-35. If both of those factors are not met, the court should not even consider the final two factors: whether a stay will injure other parties and the public interest. *Id.*

USDA does not raise any new arguments regarding likelihood of success on the merits, but

rather rests on its prior briefing. Dkt. 111-1 at 5. As this Court already held, "[i]t is overwhelmingly likely that USDA's planned closures and relocations violate Congress's express restrictions on those activities," Dkt. 107 at 32, and "USDA has almost certainly been violating those restrictions," *id.* at 2. Those holdings are correct for all the reasons the Court previously explained, and USDA is not likely to succeed on appeal. This alone dooms USDA's request for a stay.

USDA also offers no new arguments regarding Plaintiffs' showing of irreparable harm. As this Court already found, "USDA's office closures and employee relocations are likely to cause the union plaintiffs imminent and irreparable harm in the absence of an injunction." Dkt. 107 at 31-32. The Court was therefore correct that "if I issued a preliminary injunction, it would make no sense at all to stay that, pending Ninth Circuit review." Tr. at 55:10-12. Staying the Court's Order would result in the immediate relocation of hundreds of employees who already received MDR letters and allow USDA to imminently relocate hundreds or thousands more, Dkt. 111-3 ¶12, 107 at 8-10, 32, making it impossible to award Plaintiffs full relief at the end of the case. USDA fails entirely to address the Court's findings regarding harm to Plaintiffs.

USDA's motion also does not establish that the Order will cause irreparable harm to USDA or to the public interest, let alone harm that would outweigh the harm that would be caused by a stay. *See* Dkt. 107 at 32-33 (finding harm to the public interest from allowing the reorganization to proceed). First, the government "cannot suffer harm from an injunction that merely ends an unlawful practice." *Cal. Nurses Ass'n v. Mullin*, No. 26-7139, 2026 WL 3268397, at *6 (9th Cir. Oct. 30, 2026) (quoting *Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013) and denying stay pending appeal).

Moreover, USDA asks the Court to stay *the entire Order*—which applies to eight USDA components and numerous agencies within those components, Dkt. 107 at 38-39—but only asserts harm to *two* agencies: the Forest Service and Agricultural Research Service. There clearly is no basis for the Court to revisit its denial of a stay as to the rest of the agencies and components covered by the Order. Finally, the purported harms that USDA asserts to the Forest Service's and Agricultural Research Service's operations are not supported by the record, as explained below. *See* Sections 5 & 6, *infra.*

**3. USDA's Lengthy Delay Undermines Any Claim of Irreparable Harm**

USDA waited *17 days* after the Court's Order was entered—and *31* days after the Court first denied USDA's request for a stay pending appeal—to file this motion. USDA delayed that long despite the Court expressly advising USDA that the agency needed to be prepared to file quickly in the Ninth Circuit if it wished to seek a stay pending appeal. Tr. at 54:22-55:1 ("So if I issue a preliminary injunction, I'm not going to stay it. So you'll need to be ready to—if you want to rush to the Ninth Circuit to get a stay or whatever—try to get a stay or whatever, you need to be ready to do that."). USDA also delayed that long despite the relocations having been administratively stayed by the Court since September 14. Dkt. 56; *see also AFGE v. Trump*, No. 3:25-cv-03698-SI (N.D. Cal.), Dkt. 440-1 (USDA on notice of requested injunction since July 1). That USDA took so long to seek a stay underscores that USDA's asserted harm is neither imminent nor irreparable. *See, e.g.*, *Cal. Nurses Ass'n*, 2026 WL 3268397, at *7 (denying stay pending appeal because "Federal Defendants' [four-day] delay in seeking a stay further undermines any potential showing of irreparable harm"); *see also id.* ("Federal Defendants' delay in seeking this stay also speaks to a lack of imminent harm").

After delaying for weeks, USA filed its motion late Friday night demanding that Plaintiffs respond, and the Court issue a decision, within a handful of business days. Dkt. 112. USDA, however, puts forth *no* evidence or argument explaining why a decision is necessary by its self-imposed November 6 deadline. *See* Dkts. 111-2, 111-3, 112. USDA's assertion that "Plaintiffs have little basis to opine on these matters that are exclusively within Defendants' purview," Dkt. 112 at 1, is extraordinary and flat wrong. Agency operations are not "exclusively within" Defendants' purview. Union Plaintiffs represent hundreds of USDA employees who actually perform those agency operations, and who have knowledge capable of rebutting and revealing USDA's factual mischaracterizations—as they have done here. *See* Sections 5 & 6, *infra.*

**4. USDA's Public Statements Suggest the True Reason for Its Motion**

USDA has suggested in public statements that it intends to move ahead with its reorganization notwithstanding the Court's Order, which found that the reorganization likely violates Congress's mandates. Defendant Secretary of Agriculture Rollins announced to the press

on October 22 that USDA is moving "full bore ahead" with the reorganization. Johnson Decl. Ex. 1 ("'We are full bore ahead in the reorganization,' Rollins said on a call with reporters. 'We believe in it more today than we ever have.'"). USDA has since declined to rescind or clarify Secretary Rollins' statements. Johnson Decl. Ex. 2 ("A USDA spokesperson … declined to clarify what Rollins meant by her statement, and said 'her comment speaks for itself.' 'Any further responses will be filed with the court, not the press,' the USDA spokesperson said.").

USDA has also taken some reorganization steps contrary to the Court's order, in which Plaintiffs were required to intervene. On October 28, USDA issued relocation notices to at least two NRCS employees (within the covered Farm Production and Conservation mission area) that violated the Order's prohibition on "issuing … MDR letters or any other notice or directive of reassignment or relocation." Dkt 107 at 39; *see* Johnson Decl. ¶4 & Ex. 2 ("effective November 1, 2025, you are being permanently reassigned from your current position;" employees' new position included a "geographic reassignment" to a different city outside the local commuting area). USDA only issued "corrected" notices (informing the employees that they were *not* being relocated) after Plaintiffs' counsel demanded rescission of the notices. Johnson Decl. ¶4 & Ex. 3.[1]

USDA's demonstrated desire and intent to continue its reorganization despite the Court's Order—rather than purported impacts to agency operations—appear to be the real impetus for its motion. Again, USDA's motion seeks to lift the stay for many more subcomponents than the two agencies for which it has submitted "evidence" of purported harms. USDA's public statements and noncompliant actions also underscore the imminent and irreparable harm that will occur to Plaintiffs if the Court's Order is stayed pending appeal.

**5. The Court's Order Does Not Harm Forest Service Wildfire or Avalanche Operations**

USDA's primary contention is that the Court's Order prevents the Forest Service from filling certain permanent wildfire or avalanche positions through voluntary relocations. Dkt. 111-1 at 2-3; Dkt. 111-2 ¶¶50-51. There are numerous problems with that assertion.

[1] USDA has also been offering what NRCS employees have understood to be a "last chance to stay where you are" by imposing a deadline for them to apply for local lower- or equivalent-grade positions rather than potentially be relocated (which would in turn free NRCS to hire into the vacated positions at the new locations). Johnson Decl. Ex. 4.

First, USDA only discusses routine position openings at the forest and district levels, the National Interagency Fire Center in Boise, and avalanche centers. Dkt. 111-2 ¶¶40, 47; 3d Ehrman Decl. ¶¶7-8, 11; 5th Kotyk Decl. ¶¶4-7. Those openings have nothing to do with USDA's reorganization, which applies to the Washington, regional, and research offices. Dkt. 111-2 ¶¶24-27; *see also id.* ¶28 ("Fire resources at the Forest and District levels will remain in place and in their existing structure under this realignment. Local units, incident commanders, and agency administrators will continue operations as normal."); 3d Ehrman Decl. ¶¶7-9, 11; 5th Kotyk Decl. ¶¶4-7. USDA itself does not claim that the referenced position openings are related to the reorganization. Dkt. 111-2 ¶¶9, 40 (claiming only firefighting and avalanche impacts "beyond Reorganization").

USDA's argument is premised entirely on misreading the Court's Order as preventing USDA from accepting voluntary relocations to fill *any and all* open positions—even those that have *nothing to do with the reorganization*. Dkt. 111-2 ¶47. That construction is contrary to the plain language and meaning of the Order. Paragraph 4 of the Order expressly permits USDA to "reassign[] a covered employee who applies or applied to a job announcement on USAJobs or other internal agency merit-hiring application processes, is selected for the position, and accepts the position, *provided that the reassignment is unrelated to the reorganization activities stayed by paragraphs 1 through 3*." Dkt. 107 at 39 (emphasis added). USDA appears to be either ignoring that provision or interpreting paragraph 2 (which applies to the Forest Service) as staying all relocations outside the commuting area, even if they are unrelated to the challenged reorganization. Paragraph 4, however, makes clear that paragraphs 1 through 3 stay USDA's challenged "*reorganization activities*" to relocate workers or close offices. *Id.* at 39.

Moreover, those paragraphs must be read in the full context of the Court's Order. The Order repeatedly, expressly states that it is staying USDA's *reorganization* because it violates the appropriations statutes prohibitions on reprogramming and reorganizing—and never once indicates that the Order is staying the Forest Service's unrelated, routine voluntary relocations that do not. Dkt. 107 at 38 ("the most appropriate remedy is indeed to stay USDA's reorganization expenditures"); *see also id.* at 1 ("This case is about efforts by [USDA] to reorganize itself …. The

plaintiffs … seek a preliminary ruling that would prevent USDA from taking those actions."), 3 ("this Court will proceed on the understanding that it has discretion to temporarily halt all the reorganization activities that likely violate the appropriations statutes"), 21-24 (holding that the Forest Service's challenged actions fall within the reorganization activities prohibited by its appropriations statute's reprogramming restrictions), 32 (considering a stay "preventing USDA from proceeding with any of the unlawful reorganizations"). Because USDA's premise that the Order halts non-reorganization, voluntary relocations at the Forest Service is incorrect, its argument as to irreparable harm necessarily fails.

Even if the identified vacancies were tied to the reorganization, those vacancies would merely be self-inflicted harm caused by the Forest Service insisting on continuing with its reorganization rather than hiring for those positions or functions in their prior locations. Those vacancies would also be potentially indicative of violations by the Forest Service of the Court Order, to the extent those positions or functions were transferred after the Order was issued. *See* Dkt. 107 at 39 ¶3 (staying "relocating or reassigning employees *or their positions or functions*").

Finally, the Order does not otherwise impair the Forest Service's general capacity to respond to fires. Contrary to USDA' suggestion, Dkt. 111-1 at 2, red-card certified Forest Service workers are predominately assigned to specific incident management teams on a *temporary* basis. 3d Ehrman Decl. ¶¶5-6. USDA concedes that the Court's Order staying permanent management directed relocations does not impede those assignments. Dkt. 111-2 ¶46. Indeed, the Order *protects* the Forest Service's capabilities by preventing the reorganization and attrition of the headquarters, regional, and research office employees who perform other critical fire response and prevention functions. Dkt. 107 at 33; 3d Ehrman Decl. ¶10; Dkts. 5-39 ¶¶10-11, 5-9 ¶¶13-14,5-10 ¶¶9-11, 5-17 ¶49. 5-26 ¶¶14-17 In sum, nothing in USDA's new Forest Service declaration or motion establishes a basis to stay the Court's Order with respect to the Forest Service.[2]

[2] The rest of the Forest Service declaration is devoted to restating the reasons, including financial reasons, that the Forest Service thinks its reorganization is a good idea. Dkt. 111-2 ¶¶6-35, 39. But Congress has decided otherwise. Dkt. 107 at 21-31. Indeed, in recounting the agency's purported financial limitations, USDA fails to mention that it is *USDA* that has repeatedly requested drastically reduced appropriations. Congress has rejected those requests and provided additional

**6. The Court's Order Does Not Harm BARC Research**

First, USDA repeats its arguments that keeping BARC open will mean that the Agricultural Research Service must spend funds on operating BARC rather than on other things. Dkt. 111-1 at 3. But Congress expressly required ARS to keep BARC open. Dkt. 107 at 30-31 n.10 (quoting Section 771). Congress also expressly stated that its $1.8 billion in appropriations for ARS research projects and salaries "reject[] research terminations and laboratory closures proposed in the President's budget request" and "*support[] the continued operation of the Beltsville Agricultural Research Center*." Dkt. 5-61 Decl. Ex. E at 5-6 (Explanatory Statement) (emphasis added). On top of that, Congress specifically appropriated an additional $6 million in line items for BARC facility operations in FY2026.[3] USDA's policy disagreements with Congress are not a basis to permit its violations of the appropriations statutes to continue.

Moreover, USDA's claim that the Court's Order potentially jeopardizes research because it "requires ARS to allocate a greater portion of research funding" to operating BARC is incorrect. Dkt. 111-1 at 3. It is *ARS* that has chosen to do that, by refusing to spend other available funds on BARC. For instance, USDA now asserts that ARS must use BARC research funding to cover all $38.9 million in annual operation costs. Dkt. 111-3 ¶18. But nothing in the Court's Order requires ARS to use any particular funding (and this stay motion implicates only a handful of months during the appeal, not an entire year).[4] Tellingly, USDA's Rice Declaration previously admitted that ARS did *not* need to fund BARC's operating overhead solely from research funds. Dkt 71-1 ¶106.

---

and increased funding that Congress deemed appropriate to continue operations under the current organizational structure. *See* Cong. Rsch. Serv., *Interior, Environment, and Related Agencies*, at 10 ($8.6 billion enacted in FY2026 after only $2.3 billion requested), https://www.congress.gov/crs_external_products/R/PDF/R48726/R48726.5.pdf. But regardless, whether the reorganization is good policy is not the question before the Court, and certainly not a basis for the Court to sanction violations of congressional mandates by staying the Order.

[3] Congress appropriated $3 million in the Act and $3 million through Community Project Funding/Congressionally Directed Spending. Pub. L. 119-37, 139 Stat. at 513-14 (2025); Explanatory Statement, Pub. L. No. 119-37, Div. B, p. 35, https://www.appropriations.senate.gov/imo/media/doc/ag_divbjes.pdf.

[4] USDA's Ninth Circuit opening brief is due shortly, on November 13. USDA's reiterated assertions about the purported costs to fully modernize BARC are irrelevant for the same reason: the Order only requires BARC to continue operating for a matter of months. Additionally, those assertions are inaccurate. *See* 2d Lunney Dec. ¶¶5-6; Cooper Decl. ¶¶17-18.

USDA's new assertion ignores not only the $6 million that Congress appropriated to the ARS buildings and facilities account for BARC in FY2026, but also the fact that ARS *already had* $75.7 million in funds in that account designated for BARC maintenance that it reprogrammed towards planned uses at other facilities in August 2026 because it wants to close BARC. Dkt. 71-1 ¶128 (Rice Declaration); Dkt. 5-62 Ex. J (reprogramming letter). Additionally, fiscal year 2027 appropriations negotiations are underway, and ARS is free to request any additional funding that it believes it needs from Congress. ARS likely will not do so, because ARS is attempting to starve BARC of resources, *see also infra* (ARS deliberately defunded BARC research projects), but that is a choice that the agency is making—not a requirement of the Court's Order.

Second, USDA contends that the Court's Order is preventing ARS from relocating what appears to be 14 researchers "whose projects were defunded by Congress." Dkt. 111-1 at 3; Dkt. 111-3 ¶23 (listing impacted workers). However, USDA's assertion that "*Congress* deliberately fully defunded 9 BARC research projects" and partially defunded others is not true. Dkt. 111-3 ¶22; Cooper Decl. ¶¶6-8; Kudla-Williams Decl.¶6. Congress's FY2026 appropriations slightly reduced appropriations to certain general ARS research categories. Dkt. 5-61, Ex. E at 6. Nowhere did Congress specify that specific BARC projects within those categories should be defunded. Cooper Decl. ¶8; 2d Lunney Decl. ¶4. Ordinarily, when funding is reduced, ARS spreads the reduction across all research projects in the category. Cooper Decl. ¶9. But in FY2026, ARS departed from that practice and chose to entirely defund and disproportionately reduce funding to BARC projects because ARS wants to close BARC. *See id.*

More importantly, USDA's suggestion that it needs to relocate the researchers working on the "budget-impacted" projects to keep them employed is also false. Dkt. 111-1 at 3; Dkt 111-3 ¶23. BARC funding has often fluctuated over the years, and when funding has been reduced, ARS has reassigned BARC employees whose research was discontinued *to other research projects at BARC*. Cooper Decl. ¶¶12-13; Kudla-Williams Decl.¶7; 2nd Lunney Decl. ¶4. Currently, there are numerous open positions at BARC for which the researchers whose projects lost funding are qualified, and to which those researchers could be assigned. Cooper Decl. ¶14; Kudla-Williams Decl.¶¶8-9; USDA's declaration gives no reason why these employees could not continue to work

on research at BARC. *See* Dkt. 111-3. USDA's desire to relocate these employees is due to USDA's desire to reorganize ARS—not budget constraints. USDA's threats that it will *fire* these employees if it is not permitted to relocate them, *id.* ¶¶14, 22, appear to be an attempt to coerce the Court to allow USDA to implement its reorganization under the guise of self-imposed "budget impacted" relocations. The Court should reject that attempt.[5]

Third, USDA contends that a few dozen employees at unspecified agencies in the Research, Economics, and Education mission area have been left in "limbo" by the Court's Order. Dkt. 111-1 at 3; Dkt. 111-3 ¶19. While Plaintiffs are sympathetic to those employees, USDA could eliminate those concerns by complying with the law. Any uncertainty caused by USDA's unlawful plans does not outweigh the harm that the Court found would occur to many other employees if USDA were permitted to continue with its forced relocations. Dkt. 107 at 31-32. Moreover, what USDA apparently means by "limbo" is that those employees moved or took steps towards moving to their new, assigned locations *after* the Court's September 14 administrative stay halting USDA's enforcement of MDR letters. *See id.* at 39 ¶7 (providing that the Oct. 13 Order "does not require the defendants to return employees who were relocated … and began work at their new duty station prior to this Court's first administrative stay order on September 14, 2026, to their original duty station or enjoin the defendants from issuing any associated relocation incentive or payment entitlements to those employees."). USDA appears to have encouraged REE employees to "voluntarily" continue moving despite the administrative stay order. *See* Kudla-Williams Decl. ¶13 & Ex. 1 (Sept. 15, 2026 REE email). Any uncertainty affecting these employees was caused by USDA's actions, including its persistent efforts to continue with its reorganization despite the administrative stay—and despite the obvious risks to the employees it was inviting to move.[6]

[5] As discussed above, if any of these relocations were truly not due to the reorganization, they would not be stayed by the Court's Order. *See* Section 4, *supra.* But USDA has not shown that any of these relocations are truly unrelated to USDA's plans to close BARC and reorganize ARS.

[6] That being said, Plaintiffs would not oppose a clarification of the Order to address employees who had not reported to their new duty station as of September 14 but later completed their move to their new location before the October 13 Order. That clarification could confirm that such employees may be given the option to report to their relocated duty station or return to their prior station, and if they choose to report or continue reporting to the relocated duty station, USDA can finish processing all paperwork necessary for them to do so. Plaintiffs are willing to meet and confer with USDA to propose a stipulated clarification for the Court's consideration.

DATED: November 4, 2026

Respectfully submitted,

Barbara J. Chisholm
Danielle E. Leonard
Corinne F. Johnson
Jessica M. Levy
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
bchisholm@altber.com
dleonard@altber.com
cjohnson@altber.com
jlevy@altber.com

By: _/s/ Corinne F. Johnson_

*Attorneys for All Union and Non-Profit Plaintiffs*

Elena Goldstein (*pro hac vice*)
Tsuki Hoshijima (*pro hac vice*)
Andrea Matthews (*pro hac vice*)
Gregory M. Cumming (*pro hac vice*)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
egoldstein@democracyforward.org
thoshijima@democracyforward.org
amatthews@democracyforward.org
gcumming@democracyforward.org

By: _/s/ Tsuki Hoshijima_

*Attorneys for All Union Plaintiffs*

Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO
80 F Street, NW
Washington, D.C. 20001
Tel: (202) 639-6426
Sanghr@afge.org

By: _/s/ Rushab Sanghvi_

*Attorneys for Plaintiff American Federation of Government Employees, AFL-CIO (AFGE)*

Teague Paterson (SBN 226659)
Matthew Blumin (*pro hac vice*)
AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO
1625 L Street, N.W.
Washington, D.C. 20036
Tel: (202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org

By: */s/ Teague Paterson*

*Attorneys for Plaintiff American Federation of State County and Municipal Employees, AFL-CIO (AFSCME)*

Yvette M. Piacsek (*pro hac vice*)
General Counsel
National Federation of Federal Employees, IAM, AFL-CIO
1225 New York Ave. N.W., Suite 450
Washington, D.C. 20005
202-216-4428
ypiacsek@nffe.org

By: */s/ Yvette M. Piacsek*

*Attorneys for National Federation of Federal Employees, IAM, AFL-CIO (NFFE)*

PARAS N. SHAH (*pro hac vice*)
General Counsel
KATHRYN W. BAILEY (*pro hac vice*)
Assistant Counsel
NATIONAL TREASURY EMPLOYEES UNION
800 K Street, NW
Suite 1000
Washington, DC 20001
(202) 572-5500
paras.shah@nteu.org
kathryn.bailey@nteu.org

By: */s/ Paras N. Shah*

*Attorneys for National Treasury Employees Union (NTEU)*

David Chiu (SBN 189542)
City Attorney
Yvonne R. Meré (SBN 175394)
Chief Deputy City Attorney
Mollie M. Lee (SBN 251404)
Chief of Strategic Advocacy
Sara J. Eisenberg (SBN 269303)
Chief of Complex and Affirmative Litigation
Molly J. Alarcon (SBN 315244)
Alexander J. Holtzman (SBN 311813)
Deputy City Attorneys
OFFICE OF THE CITY ATTORNEY FOR THE CITY AND COUNTY OF SAN FRANCISCO
1390 Market Street, 7th Floor
San Francisco, CA 94102
molly.alarcon@sfcityatty.org
alexander.holtzman@sfcityatty.org

By: */s/ Alexander J. Holtzman*

*Attorneys for Plaintiff City and County of San Francisco*

Tony LoPresti (SBN 289269)
COUNTY COUNSEL
Kavita Narayan (SBN 264191)
Meredith A. Johnson (SBN 291018)
Raphael N. Rajendra (SBN 255096)
Hannah M. Godbey (SBN 334475)
OFFICE OF THE COUNTY COUNSEL
COUNTY OF SANTA CLARA
70 West Hedding Street, East Wing, 9th Floor
San José, CA 95110
Tel: (408) 299-5900
Kavita.Narayan@cco.sccgov.org
Meredith.Johnson@cco.sccgov.org
Raphael.Rajendra@cco.sccgov.org
Hannah.Godbey@cco.sccgov.org

By: */s/ Tony LoPresti*

*Attorneys for Plaintiff County of Santa Clara, Calif.*

Sharanya Mohan (SBN 350675)
Kayla Svihovec (*pro hac vice*)

Toby Merrill (*pro hac vice*)
PUBLIC RIGHTS PROJECT
490 43rd Street, Unit #115
Oakland, CA 94609
Tel: (510) 738-6788
sai@publicrightsproject.org
kayla.svihovec@publicrightsproject.org
toby@publicrightsproject.org

By: */s/ Kayla Svihovec*

*Attorneys for Plaintiffs Baltimore, MD, Chicago, IL, Martin Luther King, Jr. County, WA, Prince George's County, MD*

Christopher Sanders (WA SBN: 47518 (*pro hac vice*))
General Counsel & Chief Legal Advisor to King County Executive Girmay Zahilay
Mika Rothman (WA SBN: 55870 (*pro hac vice*))
Deputy General Counsel to King County Executive Girmay Zahilay
Erin King-Clancy (CA SBN: 249197, WA SBN: 57259)
Senior Deputy Prosecuting Attorney
Office of King County Prosecuting Attorney Leesa Manion
401 5th Avenue, Ste. 800
Seattle, WA 98104
(206) 477-9483
ChrSanders@kingcounty.gov
mrothman@kingcounty.gov
EClancy@kingcounty.gov

By: */s/ Erin King-Clancy*

*Attorneys for King County*

Ebony M. Thompson (*pro hac vice app. forthcoming*)
Baltimore City Solicitor
Christopher Sousa (SBN 264874)
Baltimore City Department of Law
100 N. Holliday Street
Baltimore, Maryland 21202
Tel: (443) 610-8859
christopher.sousa@baltimorecity.gov

By: */s/ Christopher Sousa*

*Attorneys for Plaintiff City of Baltimore*

Anthony D. Jones (*pro hac vice app. forthcoming*)
Prince George's County Attorney
Prince George's County Office of Law
1301 McCormick Drive, Suite 4100
Largo, Maryland 20774
Tel: (301) 925-5225
adjones@princegeorgescountymd.gov

By: /s/ *Anthony D. Jones* ______________

*Attorney for Plaintiff Prince George's County*

Gavin G. McCabe (SBN 130864)
Simi Bhat (SBN 289143)
NATURAL RESOURCES DEFENSE COUNCIL
111 Sutter St Fl 21,
San Francisco, CA 94104
Tel: (415) 875-6100
gmccabe@nrdc.org
sbhat@nrdc.org

By: /s/ *Gavin G. McCabe* ______________

*Attorneys for Plaintiff Natural Resources Defense Council*