Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
Corinne F. Johnson (SBN 287385)
Jessica M. Levy (SBN 368289)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
bchisholm@altber.com
dleonard@altber.com
cjohnson@altber.com
jlevy@altber.com

*Attorneys for All Union and Non-Profit Plaintiffs*

[Additional counsel and affiliations listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE; BROOKE ROLLINS, in her official capacity as Secretary of Agriculture,<br><br>Defendants. | Case No. 3:26-cv-09976-VC<br><br>**THIRD DECLARATION OF MATTHEW EHRMAN** |

**THIRD DECLARATION OF MATTHEW EHRMAN**

I, Matthew Ehrman, declare as follows:

1. I am over 18 years of age and competent to give this declaration. This declaration is based on my personal knowledge, information, and belief.

2. I work as a Regional Planner and Monitoring Coordinator in the Pacific Northwest Region (Region 6) of the United States Forest Service (USFS). I have more than a decade of experience at the Forest Service, having joined in 2011. I am "red card" certified to serve on Incident Management Teams ("IMT") that coordinate wildfire response. I received my first red card in July 2012, and I was recertified in 2017 and 2024. Over this time, I have worked for seven different IMTs in three different states, and I have been assigned to ten different wildfire incidents (with three of my IMTs responding to multiple fires).

3. I am also the President of the National Federation of Federal Employees Local 1968 ("Local 1968" or the "Union"), a role I have held since January 2023. I separately serve as the Chief Steward of the Union for the Pacific Northwest Regional Office and the Gifford Pinchot National Forest. I have been involved with the National Federation of Federal Employees' ("NFFE") national negotiating team surrounding the impact and implementation of the USFS reorganization. I am very familiar with the Pacific Northwest Regional Office and our constituent national forests by virtue of my job duties and role in the Union.

4. I have reviewed the declaration that Chief Schultz submitted in this case, Dkt. 111-2, on October 30, 2026. Based on my experience and knowledge of Forest Service operations, many of the statements in this declaration are inaccurate or misleading.

5. To start, the declaration explains the importance of red-carded employees for wildland firefighting. Dkt. 111-2, ¶44. As my prior declarations have noted, I agree that the red-carded employees who serve on Incident Management Teams (IMTs) are a vital part of coordinating and engaging in wildfire reponse. *See* Dkts. 5-9, 5-10. I have previously attested to the ways in which the attrition from the reorganization of regional offices would undermine these teams. *Id.*

6. The declaration claims, however, that the Forest Service "regularly permanently assigns and reassigns firefighters and collateral duty (red carded) employees to duty stations outside of their local commuting area." Dkt. 111-2, ¶44. I have been assigned to many wildfire incidents and IMTs during my decade-plus of working as a red-card certified Forest Service employee. From these experiences, I know that this is not a correct description of how red-carded Forest Service employees are regularly assigned to respond to a wildfire incident with an IMT. When an IMT member receives an assignment, he or she receives a Resource Order with information about the particular incident to which the team member is called to respond. I have received ten of these Resource Orders assigning me to wildfire incidents over the last decade. That Resource Order is temporary, not a permanent reassignment. It is typically fourteen days, although it can get extended to twenty-one days in some circumstances. It operates completely separate from the relocation directives tied to the Reorganization, and it is not a type of Mandatory Directed Reassignment (MDR) or similar personnel action that would be implicated by the court's order.

7. Additionally, the "key" wildfire positions listed in the declaration – the "District Rangers, Forest Supervisors, Fire Management Officers, Hot Shot Superintendents and their deputies" – are not positions that are being reorganized under the Reorganization Plan. Those positions have not been identified for relocation, and are not part of the offices that have been identified for closure, under the Forest Service's reorganization. As the declaration itself states, the Forest Service's reorganization applies only to the Washington Office, Regional Offices, and some Research Offices. District Rangers and Forest Supervisors are one and two organization levels below the Regional Offices, respectively, and are not being reorganized. As the declaration itself also states, the identified Fire Management Officer and Assistant Fire Management Officers positions are at the National Forest level (as are Hot Shot Superintendents), not at the Washington, Regional, or Research Offices.

8. The wildfire positions at the National Interagency Fire Center (NIFC), which as the name suggests is a multi-agency center that involves more than the Forest Service, as also not

within the Forest Service's the Washington, Regional, or Research Offices, and thus are not being reorganized. The agency's townhalls and announcements relating to the Reorganization have always said that the Reorganization will not affect the NIFC, and I am not aware of anyone receiving an MDR related to the NIFC.

9. Additionally, the declaration attempts to assert the importance of reassignments as a tool for "assigning and moving" employees between wildland fire positions. In the Union's experience, the reassignments described by the declaration to "match[] employee personal and professional needs" reflect a process by which positions become available – either internally or both internally and externally – for individuals to apply and choose to accept. These are quite different from the MDRs that are enjoined by the court's order where if the employee does not accept the reassignment, they will be involuntarily separated. The identified positions also would not commonly be filled by headquarters, Regional, or Research employees, who tend to have different skillsets.

10. Moreover, while the Forest Service's declaration focuses on certain "key" positions at lower organizational levels, I would reiterate my prior testimony that there are other important roles that many regional employees play in wildfire response that will be harmed if the Reorganization is implemented. Regional office closures will result in the departure of many experienced employees who serve on the Command and General Staff of Incident Management Teams, and will produce an overwhelming workload for the employees that remain. These employees contribute to wildfire response at a different, but still crucial, level than the Forest-level fire response positions. For example, Incident Management Teams procure and coordinate resources for wildfire response and engage in complex multi-forest fire response planning and strategy. I am also aware that prior declarations from other current and former Forest Service employees, *e.g.*, Dkts. 5-17, 5-26, 5-33, 5-39, have detailed other ways in which headquarters, regional, and research employees contribute to fire prevention and response. The Forest Service's declaration does not address the harms to these functions that will occur if the Forest Service closes those offices and relocates their employees to implement the reorganization.

11. Finally, the Forest Service's announcements of its Reorganization Plan, and the information it has provided to NFFE during bargaining and otherwise, have never indicated that any avalanche center positions are being reorganized under Reorganization Plan. The Union is not aware of any indication that any avalanche center positions or employees will be relocated, or that any avalanche centers will be closed, as part of the Forest Service's reorganization. The avalanche center positions that the declaration suggests will soon be advertised appear to be routine openings for positions that require specialized educational and experiential qualifications. They are not the types of positions that the Forest Service could broadly issue an MDR reassigning any regional, research, or headquarters employee. Such positions would typically get filled through an application process.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed November 4, 2026, in Portland, Oregon.

Matthew Ehrman