Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
Corinne F. Johnson (SBN 287385)
Jessica M. Levy (SBN 368289)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
bchisholm@altber.com
dleonard@altber.com
cjohnson@altber.com
jlevy@altber.com

*Attorneys for All Union and Non-Profit Plaintiffs*

[Additional counsel and affiliations listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE; BROOKE ROLLINS, in her official capacity as Secretary of Agriculture,

Defendants.

Case No. 3:26-cv-09976-VC

**FIFTH DECLARATION OF GENNY KOTYK**

**FIFTH DECLARATION OF GENNY KOTYK**

I, Genny Kotyk, declare as follows:

1. I am over 18 years of age and competent to give this declaration. This declaration is based on my personal knowledge, information, and belief. This declaration supplements the declarations I previously submitted in this case.

2. I am employed by the U.S. Forest Service, which is a part of USDA, as a Forester at the George Washington and Jefferson National Forest in Virginia. I worked as a seasonal employee at the Forest Service from about 2012 to 2016, and I have worked as a permanent employee at the Forest Service since 2016. I also serve as the President of the Forest Service Council ("Council" or the "Union") of the National Federation of Federal Employees ("NFFE"). There are NFFE Local Lodges across all sectors of the Forest Service, including the Washington Office and each of the nine Regional Offices. The Forest Service Council is an umbrella body that guides and supports these Locals, and that represents their interests, particularly on issues with national scope. Prior to serving as Council President, I served as Vice President, and I have been part of the Council multiple times over the last six years. In my capacity as President, and because of my years of service on the Council, I am familiar with the organizational structure of the Forest Service, and I have insight into the jobs performed by NFFE members in all components of the Forest Service.

3. I have reviewed the stay motion that Defendants submitted in this case on October 30, 2026, Dkts. 111 and 111-1, as well as the declaration that Chief Schultz submitted in support of that motion, Dkt. 111-2. Based on my experience and knowledge of Forest Service operations, many of the statements are inaccurate or misleading.

4. The declaration discusses "lateral reassignments" that it contends the Forest Service "regularly" processes. Dkt. 111-2 ¶38. From my experience at the Forest Service and through the Union, I understand that those positions are in fact typically time-limited promotions, also referred to as "details," rather than permanent reassignments.

5. To the Union's knowledge, the fire position vacancies identified in the declaration

are not subject to the Reorganization. Dkt. 111-2 ¶¶40-42, 45, 47-48. As my prior declarations have explained, the Reorganization is affecting the Washington, Regional, or Research Offices. The fire position vacancies identified in the declaration are not subject to the Reorganization because of their level – that is, the roles are at the district or forest level – and/or their time-limited nature. The National Interagency Fire Center (NIFC) has also never been identified by the Forest Service as being subject to the Reorganization.

6. For example, the fire positions for prescribed burning and the avalanche positions hired for this season of the year are usually time-limited promotions (details) described above, or seasonal 1039 positions, which are temporary positions limited to 1,039 hours. Those positions are not traditionally filled through permanent, lateral relocations outside the local commuting area. They also have not been identified by the Forest Service as being subject to the Reorganization.

7. The Union also is not aware of any indication that any avalanche positions are subject to the Reorganization—and the declaration does not contend that they are. The Union has not received any information that any avalanche center positions or employees will be relocated, or that any avalanche centers will be closed, as part of the Forest Service's reorganization.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed November 4, 2026, in Lexington, Virginia.

Genny Kotyk