Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
Corinne F. Johnson (SBN 287385)
Jessica M. Levy (SBN 368289)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
bchisholm@altber.com
dleonard@altber.com
cjohnson@altber.com
jlevy@altber.com

*Attorneys for All Union and Non-Profit Plaintiffs*

[Additional counsel and affiliations listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE; BROOKE ROLLINS, in her official capacity as Secretary of Agriculture,

Defendants.

Case No. 3:26-cv-09976-VC

**DECLARATION OF CROSLEY KUDLA-WILLIAMS**

# DECLARATION OF CROSLEY KUDLA-WILLIAMS

I, Crosley Kudla-Williams, declare as follows:

1. I am over 18 years of age and competent to give this declaration. This declaration is based on my personal knowledge, information, and belief.

2. I am a Biological Science Laboratory Technician employed by the U.S. Department of Agriculture (USDA) at the Beltsville Agricultural Research Center (BARC). I have a Masters degree in Plant Pathology/Phytopathology from the Pennsylvania State University College of Agricultural Sciences.

3. I serve as a Union Steward for American Federation of Government Employees Local 3147 ("AFGE Local 3147" or the "Union"). AFGE Local 3147 represents USDA employees at BARC, the Office of the Assistant Secretary for Civil Rights, and the National Arboretum. By virtue of my job duties as Steward, I am familiar with the work of BARC employees and am informed about the impact of USDA's Reorganization on bargaining unit employees at BARC.

4. I am aware of the filings that USDA has submitted in *AFGE v. USDA*, Case No. 3:26-cv-09976-VC, and I have reviewed the declaration from Dr. Scott Hutchins, Dkt. 111-3.

5. BARC has seventeen research laboratories. I work in BARC's National Germplasm Resources Laboratory on the Characterization and Detection of Viruses That Impact the Exchange and Curation of Plant Germplasm project.

6. My project is one of the projects that USDA claims "was eliminated by Congress resulting in three employees being reassigned to Peoria, Illinois and Fort Collins, Colorado." That is inaccurate. Although Congress reduced the overall budget for eight broad categories of Agricultural Research Service (ARS) projects, it is ARS that decides the specific projects that

will be defunded and by how much. In the past, when ARS has faced budget changes, ARS has consulted research leaders for the different BARC laboratories to create a plan for how to adjust or respond to the budget changes. The Union is not aware of any such conversations having occurred before ARS directed most of the budget cuts to BARC projects during late spring and summer 2026.

7. It is the nature of research projects that funding streams may end. The Union is aware of dozens of times over the past thirty years where BARC projects ended or had a change in funding. Almost always, however, impacted employees were reassigned to new projects within their laboratories or at least new placements within BARC. They were not relocated to different ARS projects at different facilities across the country.

8. There are many fully funded projects at BARC, and many of these projects have vacancies. This is especially true right now because so many BARC employees left last year through the Deferred Resignation Program. Given the number of vacancies for which existing BARC employees are likely to be qualified, the choice to reassign so-called "budget-impacted" employees to other facilities appears to be USDA's choice and not a reflection of those employees' inability to continue working at BARC.

9. For example, ARS identified my project as a project that would be fully defunded. In June, ARS issued me a Management Directed Reassignment (MDR) letter that reassigned me to Peoria, Illinois. I am aware, however, of vacancies on fully funded projects at BARC that I and other technicians on defunded projects would be qualified for, but we are not being reassigned or even considered for these positions. As USDA states in the declaration, ARS is choosing not to hire at BARC for any new or vacated ARS positions, Dkt. 111-3 ¶15, and ARS leaders have rebuffed requests to be reassigned to such positions. Instead, ARS is claiming that I

am at risk of discontinued employment if I am not relocated to a vacancy outside of BARC while ignoring available vacancies that fit my skill set that are available here at BARC.

10. As another example, I am aware that ARS issued an MDR to a technician in the National Germplasm Resources Laboratory who is on the Genetic Resources Acquisition, Conservation, International Exchange, and Taxonomic Expertise in Support of The U.S. National Plant Germplasm System project. The Hutchins Declaration lists this project as a project for which the funding was "partially reduced resulting in no impact to employees." That is inaccurate because the technician on the project received an MDR that stated she was being reassigned due to her project being budget-impacted. The scientists on this project had multiple conversations with ARS leadership to propose viable ways to rearrange and/or utilize the project funds across the Unit to retain the employee. Yet, ARS leadership refused to entertain any of these options and demonstrated that it was not interested in retaining employees on the defunded projects.

11. ARS cannot contend that it matched budget-impacted employees to non-BARC locations because those locations were somehow a better fit for those employees, because ARS reassigned those employees based on the highest level of generality without considering their specific skills or situation. ARS leadership told scientists in my laboratory that ARS matched employees to vacancies throughout ARS based on job titles (i.e., Biological Science Laboratory Technician), without regard to the position description, research topic, or specialized duties. During town hall meetings, ARS leadership informed BARC employees that the agency will not be considering changes in reassignment locations or positions, even when employees raised that their reassignment was a mismatch in expertise.

12. Additionally, I am aware that USDA is claiming that the overhead facility costs will take a substantial cut of the research funding at BARC. That appears to be a result of USDA's own attempts to move projects and funds away from BARC. For example, the Union is aware that ARS is choosing to move a variety of projects from BARC to Fort Detrick, knowing that this will decrease the funds available for BARC. ARS also appears to have chosen not to allocate new funds awarded in the fiscal year 2026 appropriations act to BARC projects and not to use available Buildings and Facilities funds on BARC facilities. ARS may have made those choices to try to curtail BARC's resources, but that decision is separate and apart from the court's order or Congress's actions.

13. Finally, I am aware that USDA is asserting that there are negative impacts on employees in the Research, Economics, and Education (REE) mission area who "are in the middle moving their families" to a new location but had not yet reported to their new duty station as of September 14, 2026. Dkt. 111-3 ¶19. USDA is claiming, for example, that it is unable to process those employees' change in duty station or adjust their health insurance. Yet, USDA sent out instructions to REE employees on Tuesday, September 15, 2026, that invited employees to continue moving to their new locations despite the administrative stay. Those instructions directed employees in relevant part: "If you are in transit to your new duty station, you are not required to return to your original duty station. If you have approved relocation orders or financially binding arrangements (e.g., realtor contracts, signed purchase agreements, or leases, or already received your lump sum), you may proceed with your move if desired." A true and correct copy of the email that I received with these instructions is attached as **Exhibit 1.**

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct. Executed November 4, 2026, in Washington, D.C.

Signed by:
Crosley Kudla-Williams
0364DAE65657434...

Crosley Kudla-Williams